## 20002. O'NEAL *v.* WALKER *et al.*

JENKINS, P. J. 1. Under the negotiable instruments act, a holder in due course of a negotiable instrument is one "who has taken the instrument under the following conditions: (1) that it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Ga. L. 1924, p. 137; Park's Annotated Code (1926), § 4272 (2). "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable." Ga. L. 1924, p. 138; Park's Annotated Code (1926), § 4272 (8).

2. "One can not, by causing a promissory note, for which he himself is to furnish the consideration, to be made to another person, and by having the latter indorse it, become that bona fide transferee for value to whom the law accords rights superior to those of ordinary promisees." *Empire Mutual Annuity & Life Ins. Co.* v. *Avery,* 3 *Ga. App.* 97, 98 (59 S. E. 324); *Shedden* v. *Heard,* 110 *Ga.* 461 (35 S. E. 707).

3. In the instant case, where the note sued on was given for the purchase-price of fertilizer sold by the plaintiff, a fertilizer dealer, which the plaintiff had purchased from a fertilizer company, and for which he had given his own notes to the company, the taking of such note payable to the fertilizer company, its deposit by the plaintiff with the company as collateral to the note given by him to the company, and its subsequent transfer to the plaintiff, before maturity, upon payment of his own note to the fertilizer company, did not render the plaintiff a bona fide holder for value, or a "holder in due course," and the note was subject to the same defenses as if it had originally been made payable to the plaintiff.

4. Under the foregoing rulings, it was error for the court to submit to the jury for determination, as an issue of fact, the question of whether or not the plaintiff occupied the position of a bona fide holder for value, or "holder in due course;" and since the jury might have found in favor of the plaintiff on that issue, and that the defendant was thus shut off from the defense pleaded, and since a finding against the defendant on the defense pleaded was not demanded, a new trial must be granted.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 21, 1930.

402

402 Hay & Gainey,

*Hay & Gainey,* for plaintiff in error.
*Alexander & Jones,* contra.