Sullivan *vs.* The Cotton States Life Insurance Company.

ELIZABETH L. SULLIVAN, plaintiff in error, *vs.* THE COTTON STATES LIFE INSURANCE COMPANY, defendant in error.

In a suit on a life insurance policy, parol declarations made by the agent of the company prior to the execution, delivery and acceptance of the policy, cannot be received to vary or contradict the terms of the written contract, in the absence of any allegation and evidence as to fraud, accident or mistake, at the time of its execution, delivery and acceptance by the contracting parties.

Insurance. Parol to vary writing. Before Judge GREEN. Henry Superior Court. April Term, 1871.

Mrs. Sullivan sued the Cotton States Life Insurance Company on a policy on her husband's life. The defense was the non-payment of premiums. On the trial, she proved the following facts: On the 16th of October, 1869, her husband and she applied to the agent of said company for a policy for $1,000 00, to be paid to the survivor of them at the death of the other. He paid this agent part of the principal, and on the 25th of October, 1869, the policy was signed and delivered by W. J. Magill, another agent of the company, by mail. The policy was in consideration of the statements in said application, and "of an annual payment of fifty-eight dollars and four cents, to be paid on or before the 25th day of October, in each and every year from the date of and during the continuance of this policy; which annual payment is to be paid in manner following: an annual loan of twenty-nine dollars, and a cash semi-annual premium of fourteen dollars and eighty-one cents, to be paid on the 25th day of October and April." For these considerations the company assured their joint lives for $1,000 00, during their joint lives, subject to the conditions in the policy set forth, and promised "to pay, if this policy should not be previously terminated, the said sum insured, (the balance of the year's premiums on this policy, if any, and also all notes or credits for premiums thereon, and other indebtedness of the insured to this company being first deducted,) to the surviving one of

said parties, or his or her executors, administrators or assigns, on the 25th day of October, 1910, or if the person whose life is hereby insured shall die" sooner, then in sixty days after due notice, etc.    The conditions upon which this policy was to be void, were self-destruction, etc., etc., and "if the premiums on this policy shall not be paid at the times above mentioned, and the interest on one note or credit for premiums on this policy, paid annually in advance to the company or its authorized agents."

Mrs. Sullivan's interrogatories had been taken.    In them she testified that said agent visited her husband, importuned him to insure and they agreed to insure; made said application, and, in pursuance of it, the policy was sent by mail some ten or fifteen days thereafter.    She testified that when asked "What would be the consequences if the money was not paid up regularly to the day?" the agent replied, that "it would make no difference if the money was paid up in a short time after the day due, if paid as soon as convenient afterwards." Sullivan also asked him where the money was to be paid? The agent replied that he thought he would make an agent in McDonough to receive the payment, and that he would notify Mr. Sullivan in time to whom to make the payment.    The Court ruled these sayings of the agent to be inadmissible against the company.    She testified further, that when the letter hereafter mentioned was received, her husband was violently ill, the letter was laid aside unopened, and he continued too sick to attend to any business till he died, on the 7th of May, 1870, near McDonough, where they lived.    The letter came on the 28th of April, 1870.    After his death the letter was opened.    It was as follows :

"Cotton States Life Insurance Company of Macon, Ga.,
"Atlanta, 20th July, 1870.

"T. M. SULLIVAN, Esq.—Dear Sir :    Your premium was due on the 25th day of April.    Please remit the amount without delay, and oblige, yours truly,
"W. J. MAGILL,
"by W. P. MAGILL."

Sullivan *vs.* The Cotton States Life Insurance Company.

This letter was offered in evidence, but the Court rejected it, saying it did not bind the company. The plaintiff's counsel then examined said Magill, who testified that he was superintendent of the agencies of the company; that said letter was written by his clerk, whom he had directed to send a circular dun to all policy-holders whose premiums were overdue; that the company had notice that Sullivan was dead, but he supposed W. P. Magill forgot that fact when he wrote said letter; that the company is accustomed to receive overdue premiums and let the policy stand, if they are paid in a few days after due; but never after thirty days have expired from the time they are due, unless after re-examination of the assured.

Here they again asked to be allowed to read that part of Mrs. Sullivan's interrogatories which had been ruled out. The Court refused to allow it. Plaintiff closed and the Court granted a non-suit. It is said that the Court erred in rejecting the sayings of the first agent, and said letter, and in granting said non-suit.

GEORGE M. NOLAN; S. C. McDANIEL; M. ARNOLD, for plaintiff in error.

GEORGE W. BRYAN; J. D. STEWART, by C. PEEPLES, for defendant. Parol inadmissible to vary written contract: R. Code, secs. 2715, 3709, 3747, 3750, 3751, 3753; 36th Ga. R., 454; Scaife vs. Bell, of this term; Bigelow's L. & A. Ins. R., 578; 13th Mass., 96. No proof of custom sufficient to change this contract: R. Code, sec. 1; 8th Ga. R., 534, 541; 3 K. Com., 260; 7 John R., 385; 12 Wheat. R., 383; 3 Bing., 61; 2 Sumner's R., 569, 570; 1 Phil. on Ins., 252; 6 Bac. Abrdg., 745, 746; 12 East. R., 183; 3 Camp. R., 134; 1 Hall's N. Y. R., 619; 1 Phil. on Ins. sec. 897; 2 Parson's on C., 488. The non-suit was right: 2 Phil. on Ins., sec. 2122; 1 Ch. Pl., 296, 321, 323; R. Code, sec. 2680; 1 Wait's L. Pr., 113; 13th Ga. R., 210;

17th, 340; 36th, 429; Chit. on C., 737 and 63; 12 Wend., 452; Ang. on F. Ins., sec. 142; 28 Barbour's S. C. R., 412; Charter of Co., Acts 1868; 2 Phil. on In., sec. 1833.

WARNER, Judge.

This was an action brought by the plaintiff against the defendant on a life insurance policy, dated 25th October, 1869, by which the defendant contracted to insure the plaintiff and her husband, on the terms and stipulations therein contained, in the sum of $1,000 00, during the continuance of their natural lives. The plaintiff alleges that her husband, T. M. Sullivan, died on the 7th day of May, 1870. The defendant plead in bar of the plaintiff's right to recover the non-payment of the premium due on the policy on the 25th of April, prior to his death, as required by the terms and conditions of the policy, which is as follows: "That an annual premium of $58 04, to be paid on the 25th day of October in each and every year from the date of and during the continuance of this policy, which annual premium is to be paid in manner following: An annual loan of $29 00, and a cash semi-annual premium of $14 81 to be paid on the 25th day of October and April. Provided, always, and this policy is issued by this company, and accepted by the insured, on the following express conditions: 1st. If the premiums due on this policy shall not be paid at the times above mentioned, then this policy shall terminate, and become void and of no effect." Such is the express condition of the contract in relation to the non-payment of the premiums stipulated to be paid in the policy. On the trial of the case, it was not pretended that the semi-annual premium which became due on the 25th of April, 1870, had been paid, or offered to be paid, by the insured to the company, or its agents; but the plaintiff offered evidence to prove that, prior to the execution and delivery of the policy, one Laird, who was acting as the agent of the com-

Sullivan *vs.* The Cotton States Life Insurance Company.

pany to obtain policies of insurance, told the deceased that it would make no difference if the premiums were not paid regularly to the day, so the money was paid in a short time after the day, if paid as soon as convenient afterwards. On objection being made, this evidence was rejected by the Court, and the plaintiff excepted. There was no error in the Court in ruling out this evidence. It is a well settled principle of law that *parol* declarations cannot be received to vary or contradict the terms of a written contract. All that was said between the contracting parties in relation to the terms and stipulations of the contract is presumed to have been merged in the written contract, which is the highest and best evidence of the contract between the parties, in the absence of any evidence as to fraud, accident, or mistake, at the time of its execution, delivery and acceptance by the contracting parties. And the same may be said of the entire evidence of Mrs. Sullivan, which was ruled out by the Court. As to the evidence of the custom of the company to receive the payment of premiums after the day of payment had expired, from living persons who were insured, admitting that such a custom was proved, still, there was no evidence that it was the custom of the company to receive the payment of premiums after the day of payment, when the company had notice that the insured was dead, if the same had been tendered, which was not done in this case. After a careful examination of the facts of this case, and the law applicable thereto, we are of the opinion there was no error in the Court below in granting the non-suit. It was said on the argument, that this is a hard case on the widow and children of the insured, and we feel it to be so; but as the company insists upon its strict legal rights under the contract, it is our duty to administer the law applicable thereto.

Let the judgment of the Court below be affirmed.