MASSEY *vs.* COTTON STATES LIFE INSURANCE COMPANY.

[Hall, Justice, being disqualified, Judge Hutchins. of the Western Circuit, was designated to preside in his stead.]

An insurer obtained from a life insurance company an ordinary life policy, the character of which plainly appeared in print, both on the margin and in the body of such policy; he paid the premium thereon for ten years, but when called on for the eleventh annual premium, he filed a bill against the company, alleging that its. agents had represented to him, and he believed, that his application was for a ten year paid-up policy, when in fact it was for an ordinary policy; that the company issued and delivered to him an ordinary life policy when he believed it to be a ten year paid-up policy; complainant sought to compel the issuance of a paid-up policy, or to rescind the contract and recover the premiums paid by him:

*Held*, that by the use of reasonable diligence he could have had knowledge of the truth, and equity will not relieve him against the results of his own gross neglect.

November 6, 1883.

Insurance.   Contracts.   Equity.   Negligence.   Before Judge SIMMONS.   Bibb Superior Court.   April Term, 1883.

Reported in the decision.

GUSTIN & HALL, for plaintiff in error.

LANIER & ANDERSON, for defendant.

BLANDFORD, Justice.

The plaintiff complains because the court below granted a new trial in this case. He makes this case: The agent of the defendant represented to him that his application was for a ten years paid-up policy, and he believed that the same was in fact for such policy in defendant's company, when in fact it was for an ordinary life policy; that the company issued and delivered to him a policy for an ordinary life policy, when he thought and believed it to be for a ten years paid-up policy; that he paid the premium due on said policy for ten years, all the time believing that it was a ten years paid-up policy; that when called on for the eleventh annual premium, he discovered that the policy which had been issued to him ten years before was only an ordinary life policy, although it was plainly stated in print on the margin, "ordinary life," and so in the body of the policy. He filed this bill to compel defendant to issue a paid-up policy to him, or to rescind the contract, and decree that the money which he had paid defendant for premiums be paid back to him.

The question in this case is, could the plaintiff, by ordinary diligence, have discovered the truth as to the representations of defendant's agent? If he could, then he is too late with his bill. The policy which he received put him upon notice as to its character, and whether it was an ordinary life policy or a ten years paid-up policy. Code, section 3126. "If a party, by reasonable diligence, could have had knowledge of the truth, equity will not relieve."

Nothing but gross negligence could have kept the plaintiff in ignorance of the truth in this case, and in such case the inference is the plaintiff acquiesced in the action of the defendant and accepted this policy as it is, and waived the policy which he originally wished to have issued to him. If the plaintiff could not understand or fully comprehend the nature of the policy issued to him by defendant, then, as an ordinarily prudent man, he should have

made inquiry of some one who could have informed him as to its character and nature. Having failed to do this. for eleven years from the time the policy was issued to and received by him, equity will not relieve him for such gross neglect. *De Give vs. Healy,* 60 *Ga.,* 395; 56 *Ga.,* 161; 60 *Ib.,* 449.

Applying these principles to the case before us, it was not error to have granted the new trial in this case.

Judgment affirmed.