CASE 87—PETITION ORDINARY—JANUARY 14.

# DeJernette v. Fidelity and Casualty Company.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

GUARANTY BONDS—EFFECT OF RENEWALS.—Where a bond to indemnify a sheriff against loss on account of his deputy's fraud or dishonesty for a term of one year provided for renewals thereof, and further provided that full particulars of any claim made under the bond should be given within three months after the discovery of the fraud or dishonesty, and within three months after the expiration of the bond, a writing by which the contract was renewed for another year "in accordance with the tenor of the bond," constituted a separate and distinct contract, and did not extend the time within which a claim could be asserted on account of acts committed during the original term. As to such acts the expiration of that term, and not the expiration of the renewal term, is to be regarded as the expiration of the bond.

T. L. EDELEN FOR APPELLANT.

1. Even giving to the language of the covenant a strained, technical

DeJernette v. Fidelity and Casualty Company.

meaning, the fraud of Ramsey was such as amounted to embezzlement. (Johnson v. Commonwealth, 5 Bush, 430; Warmoth v. Commonwealth, 81 Ky., 133; Commonwealth v. Clifford, 16 Ky. L. R., 184.)

2. The appellee having led the appellant to believe it had issued a second renewal receipt, and the employed having been trusted on the strength of that conduct, appellee is now estopped to deny that it had issued such renewal receipt, and its liability is to be tested precisely as if it had issued the renewal receipt of January 19, 1893, which its agent had led appellant to believe it had issued. (Alexander v. Woodford, &c. Co., 90 Ky., 215; Lawson v. Biller, 88 Ky., 601.)

THOMAS H. HINES and N. McC. MERCER of counsel on same side.

MURRAY & ESKRIDGE and O'NEAL, PHELPS & PRYOR for appellees.

Each renewal is a separate and independent contract. The bond does not mean that discovery shall be made within three months after the termination of the last renewal receipt, but that the default committed in any one of the several renewal periods must be discovered within three months from the end of that period. (Hartford Fire Ins. Co. v. Walsh, 54 Ill., 164; Brady v. Northwestern Ins. Co., 11 Mich., 425; Riddlesbarger v. Hartford Ins. Co., 7 Wall, 386; 12 Iowa, 287; Brown v. Roger Williams Ins. Co., 7 R. I., 301.)

JUDGE PAYNTER delivered the opinion of the court.

DeJernette was elected sheriff of Breckinridge county, and in January, 1891, qualified as such, with W. I. Ramsey as his deputy. To indemnify DeJernette against loss, on account of his deputy's fraud or dishonesty, the Fidelity and Casualty Co., of New York, executed and delivered to him its bond, to cover the period from January 19, 1891, to January 19, 1892. Among others there is a provision in the bond as follows: "It is hereby declared and agreed that, during such term or any subsequent renewal of such term, * * * the company shall, at the expiration of three

months next after proof satisfactory to its officers of a loss, * * * make good and reimburse to the employer to the extent of the sum of four thousand dollars, * * * by reason of fraud or dishonesty of the employed, * * * amounting to embezzlement or larceny, which has been committed and discovered during the continuance of said term or any renewal thereof, and within three months from the death, dismissal or retirement of the employed: *Provided*, That on the discovery of any such fraud or dishonesty as aforesaid, the employer shall immediately give notice thereof to the company, and that full particulars of any claim made under this bond shall be given in writing, addressed to the company's secretary, at its office in the city of New York, within three months after such discovery as aforesaid, and within three months after the expiration of this bond. * * * Any claim made under this bond or any renewal thereof shall embrace and cover only acts committed during its currency, and within twelve months next before the date of the discovery of the act or default upon which such claim is based."

On the 19th of January, 1892, a renewal receipt was issued to cover the ensuing year, in which receipt there is used language as follows: "The contract under bond No. 53,939 is hereby renewed in accordance with the tenor of the bond, the guaranty to cover the period above named only." The period to which it referred was from January 19, 1892, to January 19, 1893.

A renewal of the policy constitutes a separate and distinct contract for the period of time covered by such renewal. It is, however, a contract with the same terms and conditions as is evidenced by the bond which is renewed, because the renewal receipt recites that it is renewed "in accordance with the tenor of the bond."

In Hartford Fire Ins. Co. v. Walsh, 54 Ill., 164, the court said: "A renewal of a policy is in effect a new contract of assurance, and, unless otherwise expressed, on the same terms and conditions as were contained in the original policy."

To the same effect is the case of Brady v. Northwestern Ins. Co., 11 Mich., 425. The court said: "We have no doubt that each renewal of the policy was a new contract. Each was upon a new consideration, and was optional with both parties. At the expiration of the year over which the original policy extended the obligation of the insurer was ended, and it was only by the concurrence of the will of both parties that the obligation could be continued."

Such contracts standing as distinct and separate contracts, the rights of the parties must be determined under them as such. A renewal of the bond did not alter, change, limit or increase the rights of the parties under the bond, nor did such renewal increase or limit the time for the performance of any act which is required to be done by the parties to maintain their rights under the bond. When the bond speaks of acts "committed during the continuance of said term or any renewal thereof," it has reference to the bond as one contract, and the renewal receipts thereof as another and distinct contract.

For the fraud or dishonesty of the employed during the time covered by the bond no recovery could be had under the renewed contract, nor will the contract of renewal enable the assured to maintain an action on the bond which had been barred by the lapse of time. The discovery of the fraud or dishonesty of Ramsey was not made, according to the allegations of the petition, until on the 3d day of May, 1893, and on the 20th of the same month notice thereof was given the company.

By the express terms of the policy, *"within three months after such discovery as aforesaid, and within three months after the expiration of this bond,* the employer shall give full particulars of any claim under the bond to the company." This was not done for more than three months after the expiration of the renewal of the bond, and for more than one year after the expiration of the bond. The company desired by these provisions to require vigilance on the part of the employer to discover and give notice of the fraud or dishonesty of the employed. It was of the utmost importance that this be done. The company could protect itself to some extent by having such information. It required and had the right to expect vigilance on the part of the employer.

The amount which it is alleged Ramsey fraudulently appriated is $4,048.98. The account filed shows that $346.92 was so appropriated in 1891, and the balance before January 19, 1893, and that it "was so done and committed by said Ramsey between the 19th day of January, 1891, and the 19th day of January, 1893, but the knowledge of which never came to plaintiff until May 3, 1893." The employer was guilty of gross negligence in failing to make a discovery of the fraudulent conduct of his deputy. Doubtless he was unaware of the terms of the guaranty bond requiring him to make the discovery within a given time, still he is presumed to know its provisions and is bound by them.

It is not contended by counsel for appellant that the provisions of the bond limiting the liability of the company are not binding on him, but it is insisted in effect that a renewal of the bond in 1893 would have the effect of continuing the liability of the company for acts committed during its continuance or a renewal thereof, if the discovery should be made and notice given thereof within the time stated. To illustrate: Suppose the fraud and dishonesty of Ramsey,

on account of which this action was brought, had occurred between January 19, 1891, and January 19, 1892, the period covered by the bond, the discovery could be made between January 19, 1893, and January 19, 1894, the period of the alleged renewal, and notice given of it would be a compliance with the terms of the contract, and the liability of the company would then be continued.

If this be a proper interpretation of the contract, if there had been ten renewals, the company's liability would continue under them for acts committed during the first year of the guaranty. As heretofore stated, we do believe the bond is a distinct contract, and the renewals are separate and distinct contracts, but of the same tenor of the bond. Therefore, the liability of the company for an act committed during a given period must be determined by the terms of the contract in force at the time of its commission, and a subsequent renewal does not extend the time for the discovery of the wrong and the enforcement of a liability of the company therefor.

The acts for which a recovery is sought in this case were, as alleged, committed between January 19, 1891, and January 19, 1893, therefore a renewal from the latter date to January 19, 1894, does not affect the rights of the parties for such acts. The language in the bond, which reads as follows, "that any claim made under this bond or any renewal thereof shall embrace and cover only for acts and defaults committed during its currency, and within twelve months next before the date of the discovery of the act or default upon which said claim is based," means to limit the company's liability for acts committed during the period covered by the bond, or one covered by a renewal thereof, which were committed within twelve months before the date of discovery. Under the terms of the bond the discovery must be

made within three months after the expiration of the contract, during the currency of which the act was committed.

Wherefore the judgment is affirmed.