ALSTON *v.* GREENWICH INSURANCE CO.

This being an action upon a policy of fire insurance containing a stipulation that the same should be void "if the hazard be increased by any means within the knowledge or control of the insured," and it affirmatively appearing from the evidence introduced by the plaintiff that he had permitted another person to store a large quantity of hay in the storehouse wherein his own goods covered by the policy were contained, and to make sales of the hay so stored, and it also appearing that the hazard was thereby increased, there was no error in granting a nonsuit. This is true although "hay" belonging to the insured was one of the articles covered by the policy.

Argued at the last term.  Reargued January 28,—Decided February 15, 1897.

Action on insurance policy. Before Judge Gober. Cobb superior court. November term, 1895.

*J. Z. Foster, C. D. Phillips* and *E. Faw*, for plaintiff.

*Glenn, Slaton & Phillips* and *Clay & Blair*, for defendant.

SIMMONS, Chief Justice.

The Greenwich Insurance Company issued to Alston, the plaintiff in error here, a policy of insurance on his stock of goods in his store. The policy contained the following clause: "This entire policy shall be void if the hazard be increased by any means within the knowledge or control of the insured." The record discloses that two fires occurred in the storehouse of Alston, the first on the 7th of July and the second on the 15th of July, 1894. By the first fire a portion of the goods in the storehouse were injured and partially destroyed; by the second fire nearly all of them were injured or destroyed. After the first fire the insurance company entered into an agreement with Alston, whereby it was agreed, under a clause of the policy, that arbitrators

should be appointed to ascertain the damages sustained by reason of the fire. Before this agreement was consummated by the appointment of the arbitrators and the investigation by them of the damages, the second fire occurred. After considerable negotiation between the parties, the insurance company declined to pay Alston the loss which he claimed to have sustained; whereupon he brought his suit against the insurance company to recover his loss. One of the defenses set up by the insurance company was that by the action of Alston the risk had been increased, he having rented a part of his store to one Johnson for the purpose of storing hay therein, which action on the part of Alston had materially increased the risk of the company. In the trial of the case Alston testified in substance on this point, that he had rented the rear portion of the store to Johnson, and that at the time of the fire Johnson had stored therein fifty, sixty or seventy-five bales of hay; that he had been in the habit of keeping in the store, for his own use, a limited quantity of hay, not more than ten or fifteen bales, which was known to the agent of the company when he issued the policy. Alston also introduced the agent of the insurance company, who testified upon this point that at the time he issued the policy he did not know that Alston had rented the rear of his store to Johnson for the purpose of storing hay; that if he had known it he would not have issued the policy at the premium charged Alston, but would have charged him a much higher premium; that the renting of the store to Johnson and putting such a large quantity of hay therein increased the risk of the company.

Other evidence was submitted by the plaintiff as to the value of the goods destroyed, proof of loss, etc.; whereupon the defendant, by its counsel, moved to nonsuit on the ground, among others, that by the plaintiff's testimony it was shown that Alston by his own act and conduct had increased the risk of the company and had thereby violated the clause of the policy of the above quoted. The trial judge

granted a nonsuit.   Alston excepted and claimed that the judge erred in so doing.   There were also other exceptions complaining of the exclusion of certain evidence offered by the plaintiff and rejected by the court.   The view a majority of this court take of the case renders it unnecessary to discuss the latter exceptions.   The main question is as to whether the court erred in granting the nonsuit on the evidence as disclosed by the record.   The general rule adopted by this court in regard to granting a nonsuit is, that the motion should not be sustained where there is any evidence tending to sustain the plaintiff's action, or where the jury could fairly infer from the evidence a state of facts favorable to the plaintiff; but where there is no evidence or where no fair inference could be drawn by the jury in favor of the plaintiff, the court should sustain the motion.   In this case it is clear to our minds that the plaintiff showed by his own evidence that he had violated the above mentioned clause of his contract by voluntarily increasing the risk of the insurer.   He rented a part of his store to Johnson for the express purpose of storing large quantities of hay therein, and did this without the knowledge or consent of the company or its agent.   He testified that Johnson had free access to that part of his store at all times and sold and delivered hay therefrom to other persons.   He also testified that this hay was the most inflammable article kept in the store except kerosene oil.   His other witness, the agent of the company, testified that the storing of this large quantity of hay did increase the risk and that he would not have issued the policy for the same premium if he had known that a portion of the store had been rented to Johnson for that purpose.

On this state of facts it is manifest that the risk was increased and the policy violated.   The fact that Alston kept a few bales of hay in the rear of his store for his own use would not change this conclusion.   It is a matter of common sense and reason that hay is a highly inflammable substance and that sixty bales of it are much more apt to catch fire

than ten. The insurance company might have been willing to insure the stock of goods and ten bales of hay for a certain premium, and yet unwilling, for the same premium, to insure the same goods if it had known that sixty bales of hay were stored in the building. It is argued, however, that the testimony of the insurance agent, that the risk was increased by the storage of the hay, was a mere matter of opinion, and that the jury, if the question had been submitted to them, might in their opinion have differed with this particular witness, and that therefore this was a question which should have been submitted to them to pass upon. In reply we say that we think it was not merely an opinion, but that it is a fact that dry hay is inflammable, and it is a fact that sixty bales of hay are more liable to ignite than one or even ten. These are matters of absolute knowledge and not of opinion; but suppose that the testimony of the witness was a matter of opinion. He gave his reasons for the opinion that sixty bales of hay stored in the house would increase the risk. His reasons were, that hay is very inflammable, that sixty bales are more likely to catch fire than ten. As before remarked, this is a matter of common sense and reason and every-day experience, even by the most ignorant. There being no other testimony, could the jury honestly and fairly have come to a different conclusion? Could they have said that the reasons given by the witness were insufficient to sustain his opinion? Could any fair and honest man come to a conclusion different from that of the witness? We think not. What then would have been the use of submitting to the jury a question on which there could not possibly be any difference of opinion amongst honest men, from which all honest men would make the same inference and come to the same conclusion?

It is further contended that the court erred in granting a nonsuit, because the record disclsoses that, after the fire and a knowledge on the part of the agent of the company that a part of the store had been rented to Johnson and that he-

had placed therein sixty bales of hay, the agent delivered the policy of insurance to Alston; and that the company thereby waived the violation of the policy. We do not see how this could possibly be a waiver of the conditions of the policy by the company. The contract had been made and agreed upon between it and Alston who had paid the consideration therefor; it was therefore a good contract, a valid policy, whether it was delivered to Alston or was still in the hands of the agent. Civil Code, §2089. Alston was therefore entitled to the policy, and the agent had no right in law to withhold it. The knowledge on his part that Alston had violated one of the conditions of the policy by increasing the risk of the company would not have authorized him to refuse to deliver it upon Alston's demand. It was his duty to deliver it. He could not upon his own motion, after the fire, rescind the policy by declaring that Alston had violated its terms. This being true, the mere fact that he complied with his duty by delivering the policy to Alston did not waive the violation of its conditions.

*Judgment affirmed. All concurring, except Fish, J., not presiding, and*

Atkinson, Justice, dissenting.

1. When a policy of insurance is issued containing a condition upon breach of which it is declared the policy shall be void, and before its delivery to the assured there is a breach of this condition of which the agent issuing the same has notice, and notwithstanding such breach of condition and knowledge thereof the agent, after loss thereon, delivers the policy, the company will be held to have waived any forfeiture which might otherwise have resulted under the terms of the policy from breach of such condition; and particularly is this true where, after the loss, other agents of the company, with the knowledge of the agent issuing the policy, proceed to a partial appraisement and adjustment of the loss, without, in the first instance, claiming the forfeiture.

2. A material increase by the assured of the hazard to

which goods insured are, under the terms of a policy of insurance, exposed, will relieve the insurer from liability; but whether in a given case, there being no change of occupancy in the premises in which they are stored, the storage of goods of a stranger, of like character therein as those insured, will in fact increase the hazard, is a question for a jury, and a statement by a witness for the plaintiff who sues upon the policy, that the risk was thereby increased, is the mere expression of an opinion to that effect, and will not alone authorize the grant of a nonsuit.