*G. S. Johnston,* contra.

---

### 566. EMPIRE MUTUAL ANNUITY AND LIFE INSURANCE COMPANY v. AVERY et al.

1. One can not, by causing a promissory note, for which he himself is to furnish the consideration, to be made payable to another person, and by having the latter to indorse it, become that bona fide transferee for value to whom the law accords rights superior to those of ordinary promisees.

2. Where an agreement has been made to take a policy of life-insurance, the tender of a policy substantially different from that ordered, unless it is accepted, will not furnish a consideration for a note, executed in advance, for the premium on the policy which was to be taken under the agreement.

3. An application for insurance may be oral. If a son makes oral application for a policy of a certain kind, to be issued on the life of his father, and the agent afterwards gets the father, without the knowledge of the son, to sign a written application in which a policy of a substantially different nature is described, a tender of a policy of the kind described in the written application will not be a compliance with the contract made with the son, and he may refuse to accept the policy.

4. No material error appears in the record.

Complaint, from city court of Mount Vernon—Judge Geiger. June 10, 1907.

Submitted October 28,—Decided November 25, 1907.

*M. B. Calhoun, L. C. Underwood,* for plaintiff.

*W. M. Lewis,* for defendant.

POWELL, J. The insurance company sued H. L. Avery and L. P. Avery upon a promissory note made payable to the order of their agents, Langford & Jones, duly indorsed by the latter. The verdict was for the defendants. The insurance company excepts to the order overruling its motion for a new trial. H. L. Avery filed a plea of non est factum, which was not only proved but uncontradicted. Of course, as to him, the verdict should stand. The defense asserted by L. P. Avery was, that the note was given in payment of the first premium of a life-insurance policy to be issued by the insurance company on the life of his father; that he orally agreed to take a certain character of policy; that a different policy was sent; that within a reasonable time, upon discovering the variance, he returned it; that though the note was payable originally to Langford & Jones, and indorsed by them to the plaintiff, still the plaintiff was not a bona fide transferee for value, but was really the original payee, since the note was taken by its agent for it; and that by reason of the facts stated, there had been a total failure of consideration. The plaintiff proved a written application by the father of the defendant for a policy of the kind issued. The defendant proved that he knew nothing of this written application.

1. The plaintiff is not be accorded the rights of a bona fide transferee for value. *Shedden* v. *Heard,* 110 *Ga.* 461, 465 (35 S. E. 707). One can not, by having a promissory note, for which he is to furnish the consideration, made payable to another and indorsed by that other to him, acquire the superior rights of a bona fide holder of a negotiable instrument for value. Compare *Sibley* v. *Am. Ex. Bank,* 97 *Ga.* 126, 147 (25 S. E. 470).

2. If the policy delivered is substantially different from the policy ordered, the person contracting for it may refuse to take it. The tender of a policy different from that ordered, unless accepted, will not furnish a consideration for a note, executed in advance, for the premium on the policy so ordered. *Jones* v. *Gilbert,* 93 *Ga.* 604 (20 S. E. 48).

3. If a written application was signed by the defendant's father, without the defendant's knowledge or direction, such writing would not estop the defendant from proving by parol that the application does not describe the policy he actually ordered. The application not being his contract in writing, it does not prevent his proving the true contract. The consideration for the note was, according to the evidence, a policy ordered by the defendant; not a policy to be ordered by his father. If the defendant had accepted the policy, a waiver of strict compliance would have resulted, and all the terms of the application and of the policy would have been binding on him; but neither of them becomes his contract until he makes it so.

4. The question of the right of a local agent to make parol contracts of insurance, or of the right of such agent to waive the terms of the policy, is in nowise involved. There may have been some slightly erroneous rulings in the admission of testimony, but nothing materially so. The charge was fair and unexceptionable. The verdict was fully supported by the evidence.

*Judgment affirmed.*