26632.   MITCHELL *v.* FEDERAL LIFE INSURANCE CO.

DECIDED JANUARY 13, 1938.

*Burress & Dillard,* for plaintiff.
*Dillon & Rose, C. L. Henry,* for defendant.

GUERRY, J. The Federal Life Insurance Company insured Emerson G. Mitchell "against death or disability resulting directly, independently, and exclusively of all other causes from bodily injuries sustained while this policy is in force, and effected solely through external, violent, and accidental means, subject to the limitations and provisions hereof, *and sustained by the insured only in the manner hereinafter provided.*" (Italics ours.) Among other things, the policy covers such specific accidents as the wrecking or disabling of any passenger steamship or street-railway car or passenger elevator or subway car in or on which the insured is traveling as a fare-paying passenger; by wrecking or disablement of a taxicab or public omnibus in which insured is riding as a fare-paying passenger; and by the wrecking or disablement of any automobile, truck, or horse-drawn vehicle in which the insured is riding. In part 4(c) of the policy it is provided that the insured shall be entitled to certain indemnity (the amount here sued for) for injuries received "by being struck or run over while walking or standing on a public street or public highway, by an automobile or any vehicle then being propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air, or liquid power (excluding injuries sustained while on a railroad right of way or while working in a public highway)." The insured was accidentally killed by being struck by a train while he was walking or standing on a public street or public highway where the same crossed the railroad tracks; and it is not contended that the death of the insured falls within any of the provisions of the policy except the one above quoted. We are thus called upon to determine the meaning of the provision, "excluding injuries sustained while on a railroad right of way or while working in a public highway."

In the construction of insurance contracts, as well as all other contracts, we are to be guided by certain well-settled rules. Among these is that "policies of insurance will be liberally construed in favor of the object to be accomplished, and provisions therein will be strictly construed against the insurer." *New York Life Insurance Co.* v. *Thompson,* 45 *Ga. App.* 638 (165 S. E. 847). However, "the cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary

rules of construction." Code, § 20-702. "It is well to keep in mind . . that insurance is purely a matter of contract (*North British & Mercantile Insurance Co.* v. *Tye,* 1 *Ga. App.* 380, 58 S. E. 110) ; 'there is no greater sanctity and no more mystery about a contract of insurance than any other.' *Clay* v. *Phoenix Ins. Co.,* 97 *Ga.* 44 (25 S. E. 417). Courts are not called upon, because of the rule that contracts of insurance are to be strictly construed against the insurer, and because the contract itself is one of insurance, to call forth doubt, through construction of plain and unambiguous provisions of such a contract. . . 'The language of the contract should be construed in its entirety, and should receive a reasonable construction, and not be extended beyond what is fairly within its terms. Where the language is unambiguous, and but one reasonable construction of the contract is possible, the court must expound it as made.'" *Ætna Life Insurance Co.* v. *Padgett,* 49 *Ga. App.* 666 (176 S. E. 702). So considered, what is the meaning of the clause "excluding injuries sustained while on a railroad right of way or while working in a public highway," when considered in connection with the other provisions of the policy? The policy plainly insures against the death of the insured while walking or standing upon a public street or highway when struck by an automobile or other vehicle being propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air, or liquid power. Without the excepting clause there would be no doubt that the death of the insured was covered by the provisions of the policy. It is true that a person may be struck by an automobile, or other vehicle, propelled by steam, etc., while on a public highway or street and at the same time be on a railroad right of way, as was the exact position of the insured in the present case.

It is to be remembered, even if the excepting clause be not considered, that the policy applies only when the insured is struck while walking or standing on a public street or highway. Thus where the public street or highway intersects a railroad right of way, the only area covered by the policy is that of the street or highway. Counsel for plaintiff earnestly insists that the excepting clause "really attempted to contract against assured doing what is commonly known as 'track walking;'" that is to say, presumably, since as above pointed out the policy did not cover an injury to

the insured by being struck by a train while on the right of way of the railroad when not also on a public highway, that this clause only excepted injuries sustained by the insured by being struck by a train at a point on a railroad right of way where it was intersected by a street or highway, while he was walking on the right of way at such point not for the purpose of crossing same on the intersecting highway. We are however, unable to accept this view. The policy provided for indemnity for injuries sustained by the insured by being struck by named vehicles while "walking or standing" on a public street or highway, and there is no reasonable ground for holding that it covered injuries to the insured by being struck by a train while walking or standing on the highway for the purpose or with the intent of crossing the right of way, and that it did not cover injuries to him by being struck by a train if he were "track walking" at the point where the highway intersected the right of way. This provision of the policy must be held to exclude injuries sustained by the insured by being struck by a train, in both of the above situations or in either. We are not familiar with any rule of law that will permit us to disregard the plain meaning of the excepting clause. And, as we have attempted to point out above, in order to give it any effect at all we must hold that it excepted from the operation of the policy the character of accident which befell the deceased. The policy contemplated only the use by the insured of public highways as such, and specifically excepted accidents occurring on the right of way of a railroad, which when fairly construed would exclude injuries sustained by being struck by a train while crossing the right of way on a public highway. The learned judge so held on demurrer, and we affirm his judgment.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*