178

administratrix, the petition set out a cause of action, and the court did not err in overruling the general demurrer.

Judgment affirmed. *Sutton and Felton, JJ., concur.*

DECIDED JULY 2, 1938.

*A. E. Wilson,* for plaintiff in error.
*Hewlett & Dennis, E. W. Fountain,* contra.

26741. DOUBERLY *v.* CAROLINA LIFE INSURANCE COMPANY.

STEPHENS, P. J. 1. A provision in a life-insurance policy that if the death of the insured, within two years from the date of the issuance of the policy, be caused "by the hands of justice," the liability of the company shall be "limited to a return of the premiums paid on this policy," does not void the policy but merely fixes the amount of liability under the policy where the death of the insured is caused in the manner indicated.

2. The receipt and acceptance by the insurer of the premiums on the policy, which were paid weekly, with knowledge by the insurer that the insured had been convicted in court of a capital offense and was under sentence of death to be executed in accordance with law upon a named date, did not amount to a waiver by the insurer of the provision of the policy limiting the amount of benefit to be paid upon the death of the insured at the hands of justice.

3. In a suit against the insurer in which the plaintiff, as the beneficiary in the policy, sought to recover the amount of the death benefit to be paid on the death of the insured, and not to recover the premiums which had been paid on the policy, where it appeared from the petition that the insured had, within two years after the issuance of the policy, met death at the hands of justice by having been legally executed by electrocution as punishment for conviction of a crime, and where, notwithstanding it may have appeared from the petition that the insurer had knowledge that the insured had been legally convicted of a crime and was under sentence of death to be electrocuted on a named date in the future as punishment therefor, and with such knowledge thereafter accepted the premiums as they became due, the petition failed to set out a cause of action, and the defendant's demurrer was properly sustained. *Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED JULY 2, 1938.

*Ulmer & Dowell,* for plaintiff. *Shelby Myrick,* for defendant.