26985. HOME INSURANCE COMPANY OF NEW YORK *v.* MONTGOMERY.

DECIDED NOVEMBER 7, 1938. REHEARING DENIED DECEMBER 10, 1938.

*MacDougald, Troutman & Arkwright, Dudley Cook, W. P. Whelchel, G. Fred Kelley,* for plaintiff in error.

*Wheeler & Kenyon, R. W. Smith Jr.,* contra.

FELTON, J. Mrs. A. H. Montgomery instituted a suit against

the Home Insurance Company of New York on a fire-insurance policy issued upon a two-story brick building in Gainesville, Georgia. The defendant contended that a material part of the building was caused to fall by a tornado before it burned, and that by the terms of the policy there was no liability on the policy. The jury found for the plaintiff and to the judgment overruling the defendant's motion for new trial it excepted.

1. Since the case is reversed on other grounds no decision will now be made as to the sufficiency of the evidence to support the verdict.

2. The suit was also for attorney's fees and damages for refusing, in bad faith, to pay the loss. There was no error in stating this contention to the jury even though the judge had ruled that the evidence did not authorize a finding for these items. There was no motion by the defendant to purge the petition of the allegations, and the presumption is that the jury read them. It is also true that the judge charged the jury that there could be no recovery for damages or attorney's fees.

3. The third ground of the amended motion will not be passed upon as the alleged error will not occur on another trial by reason of the rulings in divisions 9-10 hereof.

4, 5, 6. As the errors complained of in grounds 4, 5, and 6 of the amended motion for new trial will not likely occur on another trial they will not be passed on.

7. Whether it was such error as would alone require the grant of a new trial that the court charged the jury that if the defendant had proved *"to their satisfaction"* by a preponderance of the evidence their affirmative contentions, as placing a greater burden on the defendant than the law authorizes, will not be decided. The charge was inapt, but this error will probably not occur on the next trial.

8. The court charged the jury: "If the plaintiff has satisfied you by a preponderance of the evidence that even after such damage that the building in question was worth more than the amount sued for, the plaintiff would not be precluded from a recovery." This charge was error because it authorized the jury to find for the plaintiff even if a material part of the building was caused to fall by the tornado before the fire started. The court elsewhere stated the correct law, but did not correct the erroneous charge or with-

draw it. It is contended by defendant in error that counsel for plaintiff in error consented to the erroneous charge. They did consent for the charge to remain as it was in preference to the substitution of another erroneous charge requested by defendant in error which was not given. Such consent as that did not amount to a consent to the charge given, and will not preclude the plaintiff from attacking the erroneous charge.

9, 10. It was error to admit in evidence the testimony of one Overby to the effect that in a conversation in his presence between a Mr. Roper, a local agent of plaintiff in error, and a Mr. Backman, that Roper told Backman, an adjuster of plaintiff in error, that the insurance company should pay him (Overby), his claim (his claim being for fixtures located in the building covered by the policy sued upon). This evidence, besides being hearsay, was prejudicial to the plaintiff in error and was wholly irrelevant and immaterial.

11. It was not error to refuse to declare a mistrial because the testimony referred to in the preceding headnote was "objectionable and improper."

12. In view of the rulings in the preceding division of the opinion it was not error for the judge to fail to reprimand counsel for defendant in error for eliciting the testimony.

13, 14, 16, 17, 18. It was not error to refuse to admit evidence as to the amount of damage done by the tornado to another building, on the idea that the building involved in this case was damaged to a greater extent than the former, for the purpose of comparison. Such evidence was purely argumentative and not directly illustrative of the issue.

15. The court charged the jury that the statements introduced in evidence should not be considered for any purpose other than impeachment, and not on the subject of the condition of the building before the fire. The judge evidently was referring to the written statements introduced to impeach witnesses. It would have been better if the judge had described the statements more specifically so as not to mislead the jury or confuse them by possibly leading them to think he referred also to the testimony of witnesses as to the condition of the building before the fire.

The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*