38570. SOUTHERN INDEMNITY COMPANY v. YOUNG.

CARLISLE, Judge. 1. Insurance is a matter of contract, and where the terms of an insurance policy are plain and unambiguous the courts cannot extend or enlarge the contract by implication but must carry out the true intention of the parties. *Fokes v. Interstate Life &c. Ins. Co.*, 59 Ga. App. 680, 681 (2 S. E. 2d 170). Under the foregoing rule, the courts will give effect to the terms of such a contract of insurance and enforce it according to its tenor, in the absence of some overriding provision of law or public policy requiring otherwise.

2. A city ordinance regulating taxicabs required a licensed taxicab operator to give, as a condition precedent to obtaining a license, a good and sufficient liability bond "payable to the city . . . for the benefit of the passengers transported by him and such persons as might be injured by the operation of said business," or, in lieu thereof, "shall carry a liability insurance [policy] of not less than five thousand ($5,000) dollars on said motor vehicle for such purposes," and that "the applicant shall also carry public liability and property damage insurance policies." The provisions of that ordinance did not render an insurance company insuring a taxicab operator subject to direct action by an injured party prior to determination of the legal liability of the taxicab operator in a separate proceeding, where the policy contained the provision that "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." *Cotton States Mut. Ins. Co. v. Keefe*, 215 Ga. 830 (113 S. E. 2d 774).

3. Accordingly, where the plaintiff's amended petition, the same being an action against the insurer of a taxicab licensed by the City of Cartersville under an ordinance containing the provisions above indicated, set forth a copy of the insurance policy sued upon containing the provisions quoted in the foregoing headnote, such petition as amended failed to set forth a cause of action, and the trial court erred in overruling the

renewed general demurrers to the petition. This error rendered all that occurred thereafter nugatory, and it is unnecessary to pass upon the other assignments of error complaining of the overruling of the various pleas in bar, pleas in abatement and the overruling of the general grounds of the motion for a new trial, all of which substantially raised the same questions presented by the general demurrer.

*Judgment reversed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED DECEMBER 5, 1960—REHEARING DENIED DECEMBER 20, 1960.

*J. R. Cullens,* for plaintiff in error.
*Wm. A. Ingram, Henry A. Keever,* contra.