40218.   BANISTER et al. v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD.

EBERHARDT, Judge. This is an action on a fire insurance policy and has twice before appeared in this court: *National Fire Ins. Co. v. Banister,* 104 Ga. App. 13 (121 SE2d 46), and *Banister v. National Fire Ins. Co.,* 106 Ga. App. 507 (127 SE2d 330). A fire completely destroyed the plaintiff's grocery store building and its contents. The insurance company set up the defense of accord and satisfaction in its answer and introduced into evidence the proof of loss submitted by plaintiff, a release signed by plaintiff, signed and cashed drafts and its answer to a summons of garnishment. The amount

of the settlement shown by all of this evidence was $8,000. The plaintiff admitted the settlement but contended he never received the money. The drafts showed that $4,000 was disbursed to two named mortgagees under a New York standard mortgage clause, $3,900 was paid to the Clerk of the Civil Court of Fulton County in answer to a summons of garnishment, and $100 paid to the attorney for the insurance company for answering the summons of garnishment pursuant to a judgment of the court. At the close of the evidence the trial judge directed a verdict for the defendant insurance company. Plaintiff's amended motion for new trial was overruled. *Held:*

1. The evidence here clearly shows that the loss was settled by mutual agreement and the insurance company has fully disbursed in accordance with the law all funds due under the settlement. This constituted an accord and satisfaction, *Code* § 20-1201, and a verdict was properly directed for the defendant. When the amount owing under a policy of insurance has been paid, there can remain no question of bad faith, penalty and attorney's fees.

2. (a) Refusal to grant a summary judgment, or even a partial one as requested here, is never reviewable. *Code Ann.* § 110-1208; *Macon Auto Auction v. Georgia Cas. &c. Co.,* 104 Ga. App. 245 (3) (121 SE2d 400).

(b) The remaining contentions raised by the plaintiff relating to the defendant's failure to answer certain requests for admission are all controlled by the ruling on the directed verdict, and any error therein was harmless.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*

Decided July 11, 1963.

*Walter O. Allanson,* for plaintiffs in error.

*James A. Bagwell, Northcutt & Edwards, W. S. Northcutt,* contra.