47512. PARRIS & SON, INC. v. CAMPBELL et al.
47513. UNITED STATES FIDELITY & GUARANTY
COMPANY v. CAMPBELL et al.

ARGUED SEPTEMBER 15, 1972—DECIDED JANUARY 4,
1973—REHEARING DENIED FEBRUARY 14, 1973.

*John F. Davis, Jr., Hopkins & Gresham, L. Penn Spell,*

*Jr., Thomas P. Gresham,* for appellants.

*Swertfeger, Scott, Pike & Simmons, Joseph Szczecko,* for appellees.

EBERHARDT, Presiding Judge. 1. Most of the issues before us are controlled by general contract law, insurance being a matter of contract. *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579 (1) (168 SE2d 171). "There is no greater sanctity and no more mystery about a contract of insurance than any other. The same rules of construction apply to it as to other contracts." *Clay v. Phoenix Ins. Co.,* 97 Ga. 44, 53 (25 SE 417). Accord: *North British &c. Ins. Co. v. Tye,* 1 Ga. App. 380 (1) (58 SE 110). " 'It is well to keep in mind . . . that insurance is purely a matter of contract.' " *Mitchell v. Federal Life Ins. Co.,* 57 Ga. App. 206, 208 (194 SE 921).

2. Plaintiff's first three-year policy was extended from year to year upon the payment of an additional year's premium until expiration of the three-year term. The current policy is upon a standard form, approved by the State Insurance Commissioner as the law provides. It made some changes in the coverage as compared with the prior policy. It was a new contract, qualifying as a renewal as renewals are defined in *Citizens Oil Co. v. Head,* 201 Ga. 542 (2) (40 SE2d 559). The parties are free to make their own contracts, within the prescribed bounds of law, and the courts are not authorized, by interpretation, to rewrite or to change them, or to extend the coverage. *McCullough v. Kirby,* 204 Ga. 738 (5) (51 SE2d 812); *West View Corp. v. Alston,* 208 Ga. 122, 127 (65 SE2d 406). This principle applies to insurance contracts. *Cato v. Aetna Life Ins. Co.,* 164 Ga. 392, 398 (138 SE 787); *Hartford Accident &c. Co. v. Hulsey,* 220 Ga. 240, 241 (138 SE2d 310).

3. The representations alleged to have been made by the agent of the insurer, whether prior to or after the loss, to the effect that the insured was "fully covered" can amount to no more than an opinion as to coverage or a

legal opinion as to the effect of the contract, which does not give rise to actionable fraud. See *Self v. American Nat. Ins. Co.,* 51 Ga. App. 251 (2) (180 SE 21); *Home Ins. Co. v. Montgomery,* 59 Ga. App. 173, 175 (200 SE 168); *National Life &c. Ins. Co. v. Parker,* 67 Ga. App. 1, 8 (19 SE2d 409); *Sherwin-Williams Co. v. St. Paul-Mercury Indem. Co.,* 97 Ga. App. 298 (102 SE2d 919), and cits.; *Fields v. Fire & Cas. Ins. Co.,* 101 Ga. App. 561 (114 SE2d 540); *Wells v. Metropolitan Life Ins. Co.,* 107 Ga. App. 826, 834 (131 SE2d 634); *Bryant v. Motors Ins. Corp.,* 109 Ga. App. 47, 52 (134 SE2d 905); *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164 (141 SE2d 208); *Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17, 21 (147 SE2d 5); *Posey v. Gulf Life Ins. Co.,* 115 Ga. App. 531 (154 SE2d 754). And see *Sorrells v. Atlanta Transit System,* 218 Ga. 623 (129 SE2d 846); *Williams v. Lockhart,* 221 Ga. 343 (3) (144 SE2d 528); *Walker v. Story,* 14 Ga. App. 803 (82 SE 355); *DeMayo v. Walton,* 114 Ga. App. 483 (151 SE2d 886).

4. There was no relationship of principal and agent between the insured and the agent of the insurer, and thus no fiduciary relationship. *Sherwin-Williams Co. v. St. Paul-Mercury Indem., Co.,* 97 Ga. App. 298, 299, supra; *Fields v. Fire & Cas. Ins. Co.,* 101 Ga. App. 561, 562, supra; *Clinton v. State Farm Mut. Auto. Ins. Co.,* 110 Ga. App. 417 (2) (138 SE2d 687); *Sutker v. Penn. Ins. Co.,* 115 Ga. App. 648, 653 (155 SE2d 694).

5. Nor does the expression of an opinion as to coverage work an estoppel—even against the agent who voiced it, or against his principal. *Trust Co. of Ga. v. S. & W. Cafeteria,* 97 Ga. App. 268, 285 (103 SE2d 63). *Fowler v. Preferred Acc. Ins. Co.,* 100 Ga. 330 (28 SE 398); *Posey v. Gulf Life Ins. Co.,* 115 Ga. App. 531 (154 SE2d 745); *Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17 (147 SE2d 5).

6. The representations or expressions alleged to have been made are too indefinite to constitute a contract. Necessary elements of the risk must be specified with definiteness, including the amount of the indemnity and the premium. *Todd v. German-American Ins. Co.,* 2 Ga.

App. 789, 794 (2) (59 SE 94). "The insurance company might have been willing to insure the stock of goods and ten bales of hay for a certain premium, and yet unwilling, for the same premium, to insure the same goods if it had known that sixty bales of hay were stored in the building." *Alston v. Greenwich Ins. Co.,* 100 Ga. 282, 285 (29 SE 266). And see *Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17, 20 supra. "The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance, where these are essential. Its terms must be such that neither party can reasonably misunderstand them. It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated." *Williams v. Manchester Building Supply Co.,* 213 Ga. 99, 101 (97 SE2d 129).

If it be conceded that the representations were made, what did they mean? Did a statement that you are "fully covered" mean that *everything* plaintiff had was covered, or did it mean that certain items or types of property were covered to their *full value?* Since each of the policies provided *limited* coverage for the items in question, how could "fully covered" square with either of them? The representations are no more certain than a provision in an employment contract that services are to be performed "at a price to be agreed on" (*Oliver Construction Co. v. Reeder,* 7 Ga. App. 276 (66 SE 955)), or an agreement to purchase certain shares of stock "at a price to be mutually agreed upon of not less than $1,500." *Martin v. Cox,* 13 Ga. App. 236 (79 SE 39). It is fully as indefinite as an agreement to sell "all the boxes wanted." *McCaw Mfg. Co. v. Felder,* 115 Ga. 408 (41 SE 664). And see *Morrow v. Southern Express Co.,* 101 Ga. 810 (28 SE 998); *Burden v. Thomas,* 104 Ga. App. 300 (121 SE2d 684). The alleged representations cannot make a contract.

And for the reasons stated in other Divisions hereof the representations, even if made, did not constitute

actionable fraud.

7. The representations alleged to have been made are uncertain and ambiguous, but the policy issued, delivered and kept by the plaintiff is plain, certain and entirely free of ambiguity as to the coverage. "[W]hen the policy limits the coverage in unambiguous terms, as was done here, courts, despite their dislike of such coverage, have no choice but to accept without alteration all such terms and limit liability thereto." *State Farm Mut. Auto. Ins. Co. v. Sewell,* 223 Ga. 31, 32 (153 SE2d 432). We do not deal with a binder here, but with a complete policy that was issued and delivered many months before the loss occurred.

The attempt to expand or extend the coverage by evidence of statements made by the selling agent to the insured to the effect that the insured was "fully covered," and thus convert a definite, plain and certain provision of the contract into one indefinite, uncertain and ambiguous must fail. Cf. *Fowler v. Liberty Nat. Life Ins. Co.,* 73 Ga. App. 765, 770 (38 SE2d 60); *Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17, 21, supra.

8. While a temporary binder may be in parol, Code Ann. § 56-2420, the contract itself must be in writing. It cannot be partly in writing and partly oral. *Georgia Cas. &c. Co. v. Hardrick,* 211 Ga. 709, 712 (88 SE2d 394); *Mitchiner v. Union Central Life Ins. Co.,* 185 Ga. 194, 195 (194 SE 530). Nor can there be a parol renewal of a policy. *Rowell v. Georgia Casualty & Surety Co.,* 109 Ga. App. 631 (1) (136 SE2d 917). Consequently, the agent's oral statements to the insured could, in no event, operate to keep the first policy in effect.

9. The policy provides that "No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto." Certainly there is no added written provision which attempts to add to the stated coverage, nor is it contended that there is. The agent was thus not authorized orally to modify the contract. *Gulf Life Ins. Co. v. Yearta,* 63 Ga. App. 43 (2) (10 SE2d 120).

10. The courts have no more right or power, by construction, to extend the coverage of a policy or to

make it more beneficial to the insured than they do to rewrite the contract and increase the coverage. *Prudential Ins. Co. v. Kellar,* 213 Ga. 453, 458 (99 SE2d 823); *Pilot Life Ins. Co. v. Morgan,* 94 Ga. App. 394, 399 (94 SE2d 765); *Southern Indem. Co. v. Young,* 102 Ga. App. 914 (1) (117 SE2d 882); *Cotton States Mut. Ins. Co. v. Falls,* 114 Ga. App. 812, 814 (152 SE2d 811).

11. The coverage is not to be extended by estoppel or by waiver. " 'The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom . . .' 29 AmJur 690, Insurance, § 903; *Quillian v. Equitable Life Assur. Soc.,* 61 Ga. App. 138 (3) (6 SE2d 108); *Life & Cas. Ins. Co. v. Williams,* 200 Ga. 273 (36 SE2d 753, 161 ALR 686); *Doubrly v. Carolina Life Ins. Co.,* 58 Ga. App. 178 (198 SE 76); *Life & Cas. Ins. Co. v. Carter,* 55 Ga. App. 622 (191 SE 153), affirmed 185 Ga. 746 (196 SE 415)." *Reserve Life Ins. Co. v. Ramsey,* 98 Ga. App. 732 (2) (106 SE2d 820). No estoppel or waiver results from the collection and retention of premiums. *McGlothin v. U. S. Nat. Life & Cas. Co.,* 36 Ga. App. 325 (3) (136 SE 535); *Doubrly v. Carolina Life Ins. Co.,* 58 Ga. App. 178 (2), supra; *Pacific Ins. Co. v. R. L. Kimsey Cotton Co.,* 114 Ga. App. 411, 413 (151 SE2d 541); *Fowler v. Preferred Acc. Ins. Co.,* 100 Ga. 330 (2) (28 SE 398).

12. The local agent is without authority, after a loss has occurred, to waive or change the terms of the contract. *Mitchell v. Universal Life Ins. Co.,* 54 Ga. 289; *Underwriters' Agency v. Sutherlin,* 55 Ga. 266 (2); *Lippman v. Aetna Ins. Co.,* 108 Ga. 391 (33 SE 897, 75 ASR 62). Nor can he effect a new contract with retroactive effect on the subject matter after the loss has occurred. *Mutual Benefit Life Ins. Co. v. Ruse,* 8 Ga. 534, 545; *McGlothin v. U. S. Nat. Life & Cas. Co.,* 36 Ga. App. 325, supra.

13. That the plaintiff-insured was under a duty to

examine his policy and ascertain for himself what coverage he had is well settled. See *Security Life Ins. &c. Co. v. Gober,* 60 Ga. 404 (2); *Massey v. Cotton States Life Ins. Co.,* 70 Ga. 794; *Thomson v. Southern Mut. Ins. Co.,* 90 Ga. 78 (1) (15 SE 652); *Hart v. Waldo,* 117 Ga. 590 (43 SE 998); *Bankers Health &c. Ins. Co. v. Givens,* 43 Ga. App. 43, 50 (157 SE 906); *Newton v. Gulf Life Ins. Co.,* 55 Ga. App. 330 (190 SE 69); *Equitable Life Assur. Soc. v. Adams,* 56 Ga. App. 5 (2) (192 SE 90); *Hatfield v. Colonial Life &c. Ins. Co.,* 102 Ga. App. 630, 632 (116 SE2d 900); *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 1 (2) (169 SE2d 342). It appears that the plaintiff received the policy in the mail and kept it without opening the envelope for something like nine months. Thus, he made no effort whatever, *until after the loss,* to determine what his coverage under the policy was. He was charged by law with knowledge of the coverage. *Security Life Ins. &c. Co. v. Gober,* 50 Ga. 404 (2), supra; *Prudential Ins. Co. v. Sailors,* 69 Ga. App. 628, 634 (26 SE2d 557); *Hatfield v. Colonial Life &c. Ins. Co.,* 102 Ga. App. 630, 632, supra.

The insured was not only free to examine the contract, he was under a duty to do so, and if he had done that he would have observed just what coverage it provided to him. If it was not what he wished to have he could have renegotiated his contract, or, if the company was unwilling to do that, he could have returned it as unacceptable and negotiated a contract with another company. If he had done so it probably would have involved a greater premium than was demanded under the contract that was delivered and which he kept, for it would have increased the risk. Cf. *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579, 584, supra. "[I]f . . . the policy issued [was] essentially different from the one that the plaintiff desired, the remedy of the plaintiff would have been to reject, when tendered, the policy as written. *Jones v. Gilbert,* 93 Ga. 604, 607 (20 SE 48); *Empire Mutual Annuity & Life Ins. Co. v. Avery,* 3 Ga. App. 97 (2, 3), 99 (59 SE 324)." *Mitchiner v. Union Central Life Ins. Co.,* 185 Ga. 194, 197, supra. "When a policy of insurance, duly delivered to the applicant differs

materially from the kind of policy for which he applied or intended to apply, it is his duty, if he does not desire to accept the policy issued to him, to return or offer to return the same, within a reasonable time, . . . and if the applicant neglects to examine the policy delivered to him" the contract is binding and he must pay the premium. *Johnson v. White,* 120 Ga. 1010 (48 SE 426).

14. Nor is parol evidence admissible to vary the terms of this unambiguous contract. *Sullivan v. Cotton States Life Ins. Co.,* 43 Ga. 423; *Fowler v. Preferred Acc. Ins. Co.,* 100 Ga. 330 (1), supra; *Wheeler v. Fidelity & Cas. Co.,* 129 Ga. 237, 240 (58 SE 709); *Athens Mut. Ins. Co. v. Evans,* 132 Ga. 703 (3) (64 SE 993); *Peoples Bank v. Ins. Co. of N. A.,* 146 Ga. 514 (2) (91 SE 684, LRA 1917D 868); *Newark Fire Ins. Co. v. Smith,* 176 Ga. 91 (167 SE 79, 85 ALR 1330); *Mitchiner v. Union Central Life Ins. Co.,* 185 Ga. 194, 195, supra; *Peninsular Cas. Co. v. McCloud,* 47 Ga. App. 316 (8) (170 SE 396); *Carolina Life Ins. Co. v. Murphy,* 47 Ga. App. 425 (4) (170 SE 817); *Fowler v. Liberty Nat. Life Ins. Co.,* 73 Ga. App. 765, 770, supra; *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 632 (174 SE2d 570).

15. No reformation of the contract is sought in this action, nor indeed could it have been, for neither the trial court (State Court of DeKalb) nor this court would have jurisdiction of such an action or be empowered to grant it. *Hartford Fire Ins. Co. v. Garrett,* 60 Ga. App. 816 (3) (5 SE2d 276). And see *Mitchiner v. Union Central Life Ins. Co.,* 185 Ga. 194, supra; *Davis v. United American Life Ins. Co.,* 215 Ga. 521 (1) (111 SE2d 488).

16. Since it appears that the insurer has offered to pay the full amount of its liability under the policy in force and effect at the time of the loss there can be no recovery for bad faith. Cf. *Banister v. National Fire Ins. Co.,* 108 Ga. App. 202 (1) (132 SE2d 518). Further, when, as here, there was no coverage for the amount sought by the plaintiff there can be no recovery for bad faith in refusing to pay the amount demanded. *Morris v. Ins. Co. of N. A.,* 114 Ga. App. 517 (1, 4) (151 SE2d 813).

17. Conceding everything that plaintiff says to be true, he shows no right of recovery save under the terms of the policy in force, or beyond the offer of the insurer to pay.

*Judgments reversed with direction that summary judgment be entered for the defendant. Hall, P. J., Pannell, Quillian, Clark and Stolz, JJ., concur. Bell, C. J., Deen and Evans, JJ., dissent.*

DEEN, Judge, dissenting. A renewal of a policy of insurance contemplates that it is a policy issued in place of, for the same amount, and under the same terms and conditions as the original policy, but covering a different period of time. Long Bros. Grocery Co. v. U. S. F. & G. Co., 130 Mo. App. 421 (110 SW 29); De Jernette v. Fidelity & Cas. Co. of N. Y., 98 Ky. 558 (33 SW 828); Fla. Cent. & P. R. Co. v. Amer. Surety Co., 99 F 674; Springfield Fire &c. Ins. Co. v. Hubbs-Johnson Motor Co. (Tex. App.) 42 S. W. 2d 248; Schock v. Penn Tp. Mut. Fire Ins. Assn. of Lancaster Co., 148 Pa. Super. 77 (24 A2d 741).

Where over a period of years the plaintiff dealt with an insurance agency which wrote and delivered insurance policies to him in several different areas of coverage, and such agency had a general authority to renew insurance, payments being made not on a basis of specific delivery of policies but rather at periodic time intervals, and the agency automatically wrote and forwarded to the insured a renewal policy covering his interest as a homeowner, with the assurance that such policy and its predecessors afforded him "full coverage," this constituted a representation by the agent that the policy was in fact a renewal of the previous policy (that is, subject to the same terms and conditions other than time of coverage) and that it afforded him full coverage. If such statement was made knowingly falsely with the purpose of deceiving the plaintiff and if he did in fact rely on it and was deceived thereby, and as a result of these facts suffered a monetary loss, he has shown facts which should be submitted to a jury in support of an action based on a wilful and intentional tort.

I am authorized to state that Chief Judge Bell and

Judge Evans concur in this dissent.