WITHEROW *et al. v.* BOARD OF DRAINAGE COMMISSIONERS OF POWDER SPRINGS CREEK DRAINAGE DISTRICT No. 2 *et al.*

GILBERT, J. 1. It has been held by this court that assessments of the character involved in this suit "are radically different from ad valorem taxes, and are not taxes within the meaning of the constitution." *Almand* v. *Pate,* 143 *Ga.* 711, at p. 716 (85 S. E. 909), and citations.

2. The demurrer of one of the defendants, going to the substance of the whole petition, and challenging the right of the plaintiffs to any relief in a court of equity, inured to the benefit of the other defendants, although the other defendants filed no pleas. *McKinney* v. *Powell,* 149 *Ga.* 422, 430 (100 S. E. 375). Therefore the failure of some of the defendants to appear and plead affords no reason why the court should have granted a temporary injunction.

3. There is no error assigned except on the judgment refusing a temporary injunction; and this court is not authorized, on the issue thus raised, to consider the meaning and legal effect of the drainage acts not brought in question. To do so would be to deal in obiter dicta, which should be carefully avoided.

4. The petition undertakes to raise the question of the constitutionality of that portion of the act of 1918 quoted in the statement of the case, but nowhere in the petition does it appear that this portion of the act has been applied injuriously to the plaintiffs, or that they have sought any remedy denied to them by virtue of the said portion of the act. Indeed, the petition does not undertake to set up any illegal act of the defendants, or any failure to comply with the law in regard to the assessments under the drainage act of 1911. Aside from the alleged purpose of securing an interpretation of the act, the substance of the petition merely shows that assessments have been made, and that fi. fas. have been issued and the lands advertised for sale. The allegation that these acts have been done "illegally," without stating any facts constituting illegality, is a mere conclusion of the pleader. In the case of *Almand* v. *Pate,* supra, this proceeding has been declared to be authorized under the act of 1911. The constitutionality of the quoted section of the act of 1918, therefore, will not be decided, because it is not shown that the portion of the act questioned in any way injuriously affects the rights of the plaintiffs.

5. Under the pleadings the court did not err in refusing a temporary injunction.          *Judgment affirmed. All the Justices concur.*
          No. 3429. APRIL 12, 1923.

Equitable petition. Before Judge Blair. Cobb superior court. August 26, 1922.

R. F. Witherow and thirteen others brought suit against "The Board of Drainage Commissioners of Powder Springs Creek Drainage District No. 2," W. E. Swanson, sheriff, and J. H. Hamby, tax-collector, of Cobb County. The petition, as amended, alleges in substance that all of the plaintiffs have a common interest in the subject-matter of the suit; that all are residents of the county and own land in the aforesaid drainage district; that each of them owns lands which have been assessed by said board for the purpose of paying for cutting a ditch through and adjacent to said lands; that the tax-collector has illegally issued fi. fas. against the several properties of the plaintiffs, which fi. fas. have been illegally levied by the sheriff upon the lands of the plaintiffs, and the sheriff is advertising the same for sale; that said fi. fas. are proceeding illegally, because the act of the General Assembly creating the drainage court and the drainage system of the State cuts off the remedy of illegality, so that the act is compelled to be attacked on the ground that it is unconstitutional before the remedy of illegality is available; and that the plaintiffs assert that the following portion of section 3 of the act of 1918 is unconstitutional, to wit: "The collection of the assessment shall not be defeated where the proper notices have been given by reason of any defect . . occurring prior to the order of the court confirming the final report of the viewers; but such order or orders shall be conclusive and final that all prior proceedings were regular and according to law unless they were appealed from. If on appeal the court shall deem it just and proper to release any person or to modify his assessment or liability, it shall in no manner affect the rights and legality of any person other than the appellant; and the failure to appeal from the order of the court within the time specified shall be a waiver of any illegality in the proceedings, and the remedies provided for in this act shall exclude all other remedies," for the reason that the same contravenes article 6, section 4 [1], paragraph 2, of the constitution of the State of Georgia (Civil Code (1910), § 6510), which is as follows: "The superior courts shall have exclusive jurisdiction in cases of divorce; in criminal cases where the offender is subjected to the loss of life or confinement in the penitentiary; in

cases respecting titles to land; and equity cases." It is alleged that the act above quoted "undertakes to monopolize the rights of persons falling within one of the drainage districts; takes to itself the rights respecting titles to land, absorbs his equitable rights, and forever shuts off the remedy of illegality;" that the portion of the act of 1918 above quoted is unconstitutional and void, for the reason that the caption of the act gives no notice that the right of illegality is to be repealed, and the same is in contravention of art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil Code (1910), § 6437), which is as follows: "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof;" that said drainage taxes, if they are to be regarded as ordinary taxes, when added to the State and county taxes already levied, would be in excess of the lawful amount, and if regarded as extraordinary taxation, not being for any exception provided by law, the same are void.

The petition further alleges that section 2 (at page 150) of the act of 1918, purporting to amend the drainage act of 1911, contains the following: "The tax-collector shall, not later than January 1st of each year, make a report of all unpaid assessments due for the preceding year to the Board of Drainage Commissioners, and shall at the same time issue his execution to enforce collection of the same, which shall proceed as ordinary executions for State and county taxes;" that there is nothing contained in the act requiring notice to be given to the defendants against whom fi. fas, are to be issued, and the sheriffs and constables are made levying officers to enforce the collection of the drainage fi. fas., but the act fails to declare whether or not the sale of the lands will pass absolute title or whether the same may be redeemed; that plaintiffs seek information upon this subject, so that they may know the real status of petitioners as to the lands; that they are unable to procure any one to advance the ditching taxes, because no one can tell the quantum of title that any one advancing the taxes would hold; that plaintiffs bring this suit to test the constitutionality of the act, and for the alternate purpose of having the court construe the meaning of the act in the respect above stated. The prayers are, that the sale of the lands be enjoined; that the act of 1911 and 1918 amendatory

thereof be declared unconstitutional; that if the acts are not unconstitutional, they be construed, so that the plaintiffs may intelligently act concerning their said properties; and for general relief and process.

Service on all the defendants was perfected. Neither the drainage commissioners, nor the tax-collector appeared. The sheriff filed a demurrer and an answer. The demurrer, in substance, was that the petition set forth no cause of action in law or in equity; that there was a misjoinder of parties plaintiff and defendant and a misjoinder of causes of action. The answer of the sheriff shows that all of the petitioners except three were original petitioners in the proceedings filed in the drainage court, by virtue of which Powder Springs Creek District No. 2 was created, and especially that the plaintiffs W. L. Florence and R. D. Moon are now members of the Board of Drainage Commissioners for the district, and constitute a majority of the board consisting of three at the present time; that all of the plaintiffs above named participated actively in the organization of the drainage district, and by reason thereof they are now estopped from denying or in any wise attacking the constitutionality of the law in accordance with which the drainage district was established.

On the hearing no evidence was introduced, the case being submitted on the pleadings. Temporary injunction was refused, and the previously granted restraining order was dissolved. The plaintiffs excepted. They insist that the judgment is contrary to law, and that " in the absence of any demurrer or answer on the part of the tax-collector, and the real defendant, the Drainage Commissioners, the injunction sought should have been granted;" and that the court should have determined the question raised in the pleadings as to the effect of a sale of the lands.

*H. B. Moss,* for plaintiffs.

*Anderson, Rountree &. Crenshaw, Campbell Wallace,* and *Joe Abbott,* for defendants.