## 31345. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE v. GARTRELL, administrator.

DECIDED SEPTEMBER 5, 1946.

*Carl B. Copeland,* for plaintiff in error.

*Jones, Williams & Dorsey,* contra.

SUTTON, P. J. (After stating the foregoing facts.) ■ The plaintiff in error contends that the evidence demanded a finding that the insured had present in her system at the time of the accident alcoholic or intoxicating liquors, and that the verdict in

favor of the plaintiff is without evidence to support it. While the evidence showed that the insured drank one or more highballs sometime during the evening about four to five hours prior to the accident, which occurred between 2 and 3 o'clock the next morning, it did not show how many highballs were drunk by her nor what percent of them was alcohol and what percent was ginger ale and ice. The county policeman, who arrived at the accident before the insured was taken to the hospital, testified in part: That he "examined Mrs. Gartrell very closely, but did not detect any odor of alcohol on her breath. . . I examined Mrs. Gartrell to see if she had been drinking, and I didn't detect any odor." And the doctor, who admitted her to the hospital and treated her until her death a few minutes later, testified in part: "I did not detect any evidence that she had been drinking nor did I smell alcohol on her person. If she had had any, I would have detected it. . . In administering artificial respiration to her, my face would naturally come very close to hers, but I did not detect any odor of alcohol on her breath or person. If there had been any present, I would have noticed it and put it on the chart. I do not swear that Mrs. Gartrell had not had any intoxicating liquor prior to the time I made the examination, but only that I did not detect any." The mere fact that the insured, several hours prior to the accident, in which she sustained the injuries resulting in her death, drank one or more highballs, an unknown portion of which was alcoholic, would not, under the facts of this case, demand a finding that she had alcoholic or intoxicating liquor in her system at the time of the accident. This court can not say, as a matter of law, how long the alcoholic or intoxicating liquor would remain in the insured's system. That was a question for the jury to determine under the facts. The jury resolved the issues of the case in favor of the plaintiff, and we are of the opinion, and so hold, that the trial judge did not err in overruling the general grounds of the motion for a new trial.

■ Error was assigned on the following charge: "I charge you, gentlemen, that the burden rests upon the plaintiff to establish the facts alleged in his petition by a preponderance of the evidence, as I have charged you. If and when he has done so, then the burden of proof shifts to the defendant to establish by a preponderance of the evidence its contentions that at the time the

insured met her death she had physically present in her body alcoholic or intoxicating liquors, and that the defendant is not liable for this reason. This burden is to show by a preponderance of the evidence, not merely that alcoholic or intoxicating liquors may have been physically present in the insured's body when she met her death, but that they were actually present in her body at the time. Such contentions may be proved either by direct or circumstantial evidence, and if the defendant carries the burden, then it is not liable and you should return a verdict in its favor; but, on the other hand, if the defendant fails to prove by a preponderance of the evidence that the insured had physically present in her body alcoholic or intoxicating liquors, and the plaintiff establishes the facts alleged in his petition, as to which you are the sole and exclusive judges, the plaintiff would be entitled to recover the face amount of the policy." The plaintiff in error assigned error on this charge and contends that it is error for five reasons: (a) In that "it pretended to quote a provision of the policy, but failed to correctly state the provision by leaving out the words, 'in any degree,' thus depriving the defendant of its contractual rights." The court in its charge read the entire provision to the jury while stating the contentions of the defendant as contained in its answer and also read the provision from the policy itself, so that the entire provision was twice stated to the jury during the charge. Moreover, the court instructed the jury that it would have the petition and answer out with it, and that it might refer to them as often as necessary for a more detailed statement of the contentions of the parties. It was not necessary for the judge to read the entire provision to the jury each time he mentioned it in his charge, and the contention of the plaintiff in error that the judge erred in omitting the words, "in any degree," is without merit.

Error was also assigned on the ground: (b) that "by the use of the expression, 'not merely that alcoholic or intoxicating liquors may have been physically present but that they were actually present,' [the court] placed a greater burden on defendant than that required by law; in that this was an instruction from the court that the defendant would have to offer direct evidence that the alcohol or intoxicant went into the body at the time of the injuries, and caused the jury to disregard defendant's evidence of the

alcohol or intoxicant entering the body three to five hours prior to the accident." There is no merit in this contention. The court expressly instructed the jury that such contentions could "be proved either by direct or circumstantial evidence," and the charge was not subject to the criticism made:

Nor is the charge subject to the criticism, (c) that "it was misleading and led the jury to disregard defendant's evidence."

The contention of the plaintiff in error, (d) that the charge "placed the burden on defendant to prove its defense beyond a reasonable doubt and took away from the defendant its legal right to the proof of its defense by a preponderance of the evidence," is likewise without merit. The court expressly instructed the jury that the burden was on the defendant company to establish its affirmative defense "by a preponderance of the evidence," and nowhere in the charge does the court place the burden upon the defendant of proving its defense "beyond a reasonable doubt," as contended by the plaintiff in error.

The plaintiff in error contends: (e) that the charge was error because the contract of insurance "provided that the burden of proof was on the plaintiff to prove that the loss or injury was covered by the policy . . [and] under this provision, the burden of proof would not shift to the defendant but would remain on the plaintiff." The burden of proof was on the plaintiff to make out his case in the first instance, as the court instructed the jury; but the burden was on the defendant to establish its affirmative defense, that the insured had physically present in her body alcoholic or intoxicating liquor at the time of the accident in which she sustained the injuries causing her death, notwithstanding the provision in the policy that the burden of proof should be upon any claimant thereunder to prove that the loss or injury was covered by the policy. It was held in *Morris* v. *Imperial Ins. Co. of London,* 106 *Ga.* 461, 463 (32 S. E. 595): "It is true that the plaintiff had to successfully meet the burden of making out at least a prima facie case as to every material allegation upon which he relied for a recovery; but it by no means follows that in addition to this burden, common alike to all suitors upon whom rests the onus of establishing their complaints, it was incumbent upon him to go further and negative the several defenses interposed to his action. On the contrary, it is an inflexible rule of practice, that

as to all matters purely of defense the burden of proof is cast upon the defendant. The present case offers no reason why any exception should be made to this rule." In this connection, also see Code, § 38-103; *Home Savings Bank of Columbus* v. *Massachusetts Bonding &c. Co.*, 19 *Ga. App.* 352, 365 (91 S. E. 494); *Scott* v. *Life & Casualty Ins. Co.*, 34 *Ga. App.* 479 (3) (129 S. E. 903); *Matthews* v. *Gulf Life Ins. Co.*, 64 *Ga. App.* 112 (2) (12 S. E. 2d, 202). The charge complained of was not error for any reason assigned, and the judge did not err in overruling the special ground of the motion for a new trial.

■ The evidence authorized the verdict for the plaintiff, no error of law appears, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs in the judgment.*