### 37409.   RESERVE LIFE INSURANCE COMPANY *v.* RAMSEY.

FELTON, Chief Judge.   1.   Where a principal insurance coverage provision in a medical and hospital expense policy of insurance states that the coverage is a limited one and one

restricted to expenses due to a disease originating after fifteen days from the date of the policy, it is incumbent upon the insured to allege that the disease causing the medical and hospital expense so originated. *Reserve Life Ins. Co.* v. *Peavy,* 94 *Ga. App.* 31 (2) (93 S. E. 2d 580), and citations. In the absence of such an allegation the instant petition was subject to the demurrer urged and the court erred in overruling it.

2. The last amendment sought to excuse the making of the necessary allegation stated in the foregoing headnote by alleging that the agent of the insurance company knew of the disease of the ear with which the insured was afflicted at the time of the application for insurance and issuance of the policy and fraudulently omitted the information from the application. "The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom . . ." 29 Am. Jur. 690, Insurance, § 903; *Quillian* v. *Equitable Life Assur. Society,* 61 *Ga. App.* 138 (3) (6 S. E. 2d 108); *Life & Casualty Ins. Co.* v. *Williams,* 200 *Ga.* 273 (36 S. E. 2d 753, 161 A.L.R. 686); *Doubrly* v. *Carolina Life Ins. Co.,* 58 *Ga. App.* 178 (198 S. E. 76); *Life & Casualty Ins. Co.* v. *Carter,* 55 *Ga. App.* 622 (191 S. E. 153), affirmed in 185 *Ga.* 746 (196 S. E. 415). The court erred in overruling the demurrers to the petition as finally amended for the reason that the amendment did not supply the deficiency in the allegations of the petition stated in headnote 1.

3. While the error in overruling the demurrers to the petition rendered all other proceedings nugatory, since the case goes back to the trial court and there may be an effort to amend the petition, it is our further duty to rule that, under the evidence, a verdict was demanded for the defendant since it indisputably showed that the cause of the disease originated before the time provided in the policy and not after. In this view we do not deem it necessary to rule on the various other grounds of the amended motion for a new trial.

The court erred in overruling the demurrers to the petition.

*Judgment reversed. Quillian and Nichols, JJ., concur.*

Decided December 2, 1958.

*Burt & Burt, W. H. Burt,* for plaintiff in error.
*Jones & Lee,* contra.