41149. NATIONWIDE INSURANCE COMPANY v. WESTBROOK.

138

ARGUED FEBRUARY 3, 1965—DECIDED JUNE 21, 1965—REHEARING DENIED JULY 22, 1965.

*Abbot & Abbot, Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* for plaintiff in error.

*Marshall L. Fountain,* contra.

BELL, Presiding Judge. 1. As against general demurrer pleadings must be construed most strongly against the pleader. *Hulsey v. Interstate Life &c. Ins. Co.*, 207 Ga. 167, 169 (60 SE2d 353); *Tarver v. Savannah Beach, Tybee Island*, 96 Ga. App. 491, 494 (100 SE2d 616).

If the petition together with Exhibit "A" is so construed, the alleged "agreement" as shown by Exhibit "A" is no agreement at all but is at most a mere application for insurance. While it is doubtful whether the vague and indefinite application for insurance is sufficient to constitute an offer, yet even if it is, the consummation of the insurance contract by valid acceptance is essential to the cause of action that plaintiff attempts to allege. "Insurance is a matter of contract . . . [An insurance contract] is consummated upon the unconditional written acceptance of the application for insurance by the company to which such application is made . . . So long as the application is not acted upon by the insurance company, of course, no contract has been consummated." *Maddox v. Life & Cas. Ins. Co.*, 79 Ga. App. 164, 170 (53 SE2d 235).

(We are not concerned here with the validity of an oral binder under the Georgia Insurance Code, Ga. L. 1960, pp. 289, 667, because the purported agreement to insure was made prior to January 1, 1961, the effective date of the Act).

Even if it were possible to construe the petition as showing an oral agreement to insure, that would still be insufficient to support the action, because under judicial construction of former *Code* § 56-213 which is applicable to this case, an oral binder to insure is unenforceable. *Georgia Casualty &c. Co. v. Hardrick*, 211 Ga. 709, 712 (3) (88 SE2d 394). See also: *New York Life Ins. Co. v. Babcock*, 104 Ga. 67 (30 SE 273, 42 LRA 88, 69 ASR 134); *Todd v. German American Ins. Co.*, 2 Ga. App. 789, 793 (1) (59 SE 94); *New Jersey Ins. Co. v. Rowell*, 33 Ga. App. 552, 556 (126 SE 892).

Thus the petition here, in order to allege a cause of action, would have had to set forth a written binder, or agreement to insure, or an insurance policy in writing. As the petition failed to allege any of these things, it stated no cause of action.

The trial court erred in overruling defendant's general demurrer, and all further proceedings in the case were nugatory.

*Judgment reversed. Frankum and Hall, JJ., concur.*