## 42539.  SMITH v. INTER-OCEAN INSURANCE COMPANY.

Frankum, Presiding Judge.  1.  Where, in a suit on a health insurance policy to recover weekly hospital indemnity benefits provided for therein, alleged to be due on account of the plaintiff's hospitalization for the treatment of tuberculosis allegedly contracted after the effective date of the policy, the defendant moved for a summary judgment under the provisions of the Act approved March 17, 1959 (Ga. L. 1959, p. 234 et seq.; *Code Ann. Ch.* 110-12), and in support of such motion introduced depositions in proof of its contention that the plaintiff was afflicted with the disease at the time the policy was first issued and had not, therefore, suffered a loss covered by the policy, the burden then and there devolved upon the plaintiff, if he was to avoid having a summary judgment rendered against him, to introduce evidence, either in the form of affidavits or depositions in proof of his claim and tending in some degree to show that he had sustained a loss within the terms of the policy.  *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766, 768 (2) (115 SE2d 374); *Scales v. Peevy,* 103 Ga. App. 42, 46 (2) (118 SE2d 193).

2. Where, in a case of the nature indicated above, the policy sued on defined "such sickness" as meaning sickness or disease contracted more than 30 days after the effective date of the policy and causing a loss while the policy is in force, upon the trial of the case the burden would be upon the plaintiff to prove that he had sustained a loss within the meaning of the policy sued on, that is, that his hospitalization for which he claimed benefits under the policy was caused by a sickness contracted more than 30 days after the effective date of the policy.  *Continental Cas. Co. v. Rucker,* 50 Ga. App. 694, 696 (179 SE 269); *Life & Cas. Ins. Co. of Tenn. v. Gartrell,* 74 Ga. App. 204, 208 (39 SE2d 437); *Reserve Life Ins. Co. v. Ramsey,* 98 Ga. App. 732 (1) (106 SE2d 820); *Lovett v. American Family Life Ins. Co.,* 107 Ga. App. 603 (131 SE2d 70).

3. In this case under the evidence submitted, on the motion of the defendant for a summary judgment, by way of depositions of expert medical witnesses, the question of whether the plaintiff was suffering from the disease of tuberculosis on a particular date was peculiarly a medical question requiring the

testimony of expert medical witnesses. *Pilgrim v. Landham*, 63 Ga. App. 451, 454 (11 SE2d 420); *Lovett v. American Family Life Ins. Co.*, supra.

4. On the hearing of the motion for a summary judgment the defendant introduced depositions of two expert medical witnesses who stated unequivocally that their diagnosis of the plaintiff's condition, which was made about 8 and ½ months after the effective date of the policy sued on and shortly after it was first determined that the plaintiff was in fact suffering from tuberculosis, was that the plaintiff had a "far advanced active" case of pulmonary tuberculosis with its inception 40 months prior to the date of their diagnosis. The plaintiff, in opposition to this evidence, introduced the deposition of Dr. Earl H. Stanley, the radiologist who practiced locally in the plaintiff's home town, and who read an X-ray of the plaintiff's chest which was made in April of 1960. This witness testified to changes in the upper right lobe of the plaintiff's lung which he observed on the 1960 X-ray and which he interpreted at that time as being a residual of a pre-existing lung condition, but not necessarily the result of tuberculosis. This witness was also positive and unequivocal in his statement that he could not look at the film made in 1960 and state that the plaintiff did or did not have tuberculosis at the time the film was made. The only other evidence adduced upon the hearing of the motion for a summary judgment was the deposition of Dr. H. Lumpkin Coffee who had examined the plaintiff in 1960, and, in so doing, had taken the X-ray about which Dr. Stanley had testified, and who also had examined the plaintiff in January of 1963, about one month after the policy was issued. This latter examination was made prior to Dr. Coffee operating upon the plaintiff for an intestinal obstruction and was solely for the purpose of determining the general condition of the plaintiff and his ability to withstand the proposed operation. This witness testified that in making that examination he found no evidence that would have led him to suspect that the plaintiff had tuberculosis at that time, but admittedly no X-ray of the plaintiff's lung was made at that time, nor were there any of the other recognized tests for tuberculosis made. This witness further testified that while the plaintiff had no clinical manifestations of tuberculosis until 2 or 3 or 4 months before August, 1963, that it would be his impression that the plain-

tiff had it prior to January of 1963, but that basically, any opinion he might give would be a mere guess. This evidence was insufficient to overcome the evidence introduced by the defendant in support of its motion for a summary judgment and was insufficient, if such evidence had been submitted to a jury, to carry the burden of proof or to create a jury question as to whether the plaintiff did or did not have tuberculosis at the time the coverage under the policy became effective. The court did not err in granting the defendant's motion for a summary judgment.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED JANUARY 10, 1967—DECIDED APRIL 18, 1967.

*Ham & Hampton, James G. Hampton,* for appellant.
*Martin, Snow, Grant & Napier, George C. Grant,* for appellee.