### 24777.    RESERVE LIFE INSURANCE COMPANY v. DAVIS.

Frankum, Justice.  This case arose as an action to recover on a "hospital room expense policy" wherein the defendant company promised to pay the insured $16 per day "for hospital room expense, including room, board, and general nursing care furnished by the hospital," to the extent that such expense was actually incurred by the insured in the event he should be confined to a hospital for the purpose of treatment of any injury or disease, and "not to exceed in the aggregate one hundred (100) days on account of any one (1) such

accident or such disease." While the policy was in force the plaintiff was confined to Battey State Hospital at Rome, Georgia, for a period of one hundred and fourteen days. After receiving notice of the insured's claim the company declined to pay the same, and plaintiff filed suit. The defendant filed five defenses to the complaint, the nature of which will sufficiently appear from the opinion. The case was tried before the judge of the superior court, sitting without a jury, who found for the plaintiff in the amount of $1,600 plus 25% penalty and $750 attorney's fees for bad faith in refusing to pay the claim. This appeal is from that judgment.

1. The hospital room expense which the plaintiff sought to recover under the provisions of the policy in question was incurred by him while he was a patient at Battey State Hospital. That institution is one of the State institutions within the provisions of the Act approved March 23, 1960 (Ga. L. 1960, pp. 1138-1143) as amended by the Act approved March 3, 1966 (Ga. L. 1966, pp. 143-148). Those Acts relate to the payment of cost for care of patients in State institutions and provide formulae whereby the amounts charged persons confined in such institutions may be computed. The formulae therein provided for base such charges, in general, upon the patient's ability to pay. In its fourth defense to the plaintiff's petition defendant contended that insofar as said Act as amended "prescribes charges to and collections from patients at Georgia State institutions based upon income, financial worth, family status, and insurance coverage" such Act is violative of stated provisions of the State and Federal Constitutions in that it denies to the defendant equal protection of the law. As amended by the 1966 Act, the Act in question does inject into the determination of a patient's ability to pay the factor of insurance coverage. Nevertheless, the Act as amended merely relates to the charges to be made to the patient or his family or others responsible for his care, and nothing in the Act as amended imposes any direct liability upon insurers of such patients. The defendant's liability to the plaintiff is dependent upon a contractual relation between it and the plaintiff and not upon any provision of the Act in question. It is fundamental that before one may attack an Act of the General Assembly on the ground of its unconstitutionality he must show that its enforcement is an infringement upon some right of his as

distinguished from the right of another. *Hazleton v. City of Atlanta,* 147 Ga. 207 (4) (93 SE 202) ; *Witherow v. Board of Drainage Commissioners,* 155 Ga. 476 (4) (117 SE 329) ; *Webb v. City of Atlanta,* 186 Ga. 430, 444 (5) (198 SE 50) ; *Whittle v. Jones,* 198 Ga. 538, 544 (4) (32 SE2d 94) ; *South Ga. Natural Gas Co. v. Ga. Public Service Commission,* 214 Ga. 174 (1) (104 SE2d 97) and *City of Chamblee v. Village of North Atlanta,* 217 Ga. 517, 520 (1c) (123 SE2d 663). Upon application of this principle to the facts in this case it does not appear that the defendant has any standing to draw in question the constitutionality of the 1960 Act, and the trial court did not err in overruling this defense.

2. The burden of proof was upon the plaintiff to prove that he had sustained a loss covered by the policy and to prove the amount of such loss. *Atlantic Steel Co. v. Hartford Fire Ins. Co.,* 39 Ga. App. 680 (148 SE 286) ; *Federal Life Ins. Co. v. Hurst,* 43 Ga. App. 840, 846 (160 SE 533) ; *Liberty Nat. Life Ins. Co. v. Mitchell,* 73 Ga. App. 673, 674 (37 SE2d 723) ; *Life & Cas. Ins. Co. v. Gartrell,* 74 Ga. App. 204, 206 (39 SE2d 437). The evidence in this case was insufficient to show that the plaintiff had incurred any definite dollar amount of expense per day "for room, board and general nursing care" while he was confined at Battey State Hospital. The only evidence with respect to the amount of charges that he incurred was that the cost of care at Battey State Hospital, as that term is defined in the 1960 Act was $18.77 per day. But, under the Act such cost includes the cost of support, care, treatment and hospitalization. The policy issued by defendant did not include coverage for treatment, and therefore proof of the daily cost of care covering items of expense in addition to those covered by the policy sued on without showing what portion thereof was attributable to charges for covered expenses did not constitute proof as to what amount the plaintiff was entitled to recover. It follows that the evidence did not authorize the finding and judgment for the plaintiff.

3. The undisputed evidence shows that the defendant, prior to the initiation of the suit by the plaintiff, had declined to pay the claim because the plaintiff had failed to submit a proof of loss as required by the policy showing what amount he was entitled to receive. Under the principle announced in the preceding headnote the burden was upon the plaintiff

to show upon the trial of the case what expenses he had incurred that were covered by the policy, and we think that before the defendant's obligation to pay arose it was the duty of the plaintiff to furnish to the defendant insurance company a proof of loss showing the amount of the expenses which he incurred that were covered by the policy. Such proof of loss as was submitted by the plaintiff was not introduced in evidence, but it is apparent that the defendant was at all times resisting the payment of the claim on account of the failure of the plaintiff to submit evidence of the amount of his claim. Under these circumstances, the defendant was not guilty of bad faith in refusing to pay the claim and the trial court erred in awarding penalty and attorney's fees on account of bad faith.

4. The portion of the charges actually made by Battey State Hospital to the plaintiff which were for room, board and general nursing care, are "expenses incurred" within the meaning of that term as used in the policy sued on even though the plaintiff might not have been obligated to pay those charges, or to pay all of them, had it not been for the policy of insurance. It follows that the defendant cannot successfully resist payment of the claim under its contention that, until it is shown that the plaintiff is obligated to pay such charges irrespective of insurance coverage, such charges do not amount to "expenses incurred" within the meaning of the policy.

5. The judgment of the trial court appealed from is reversed with direction that the trial judge grant a new trial solely on the issue of the amount of expenses which the plaintiff incurred for room, board, and general nursing care while confined at Battey State Hospital.

*Judgment reversed with direction. All the Justices concur.*

ARGUED SEPTEMBER 9, 1968—DECIDED OCTOBER 10, 1968.

*Tillman, Brice, McTier & Coleman, John T. McTier,* for appellant.

*Vickers Neugent,* for appellee.