## 51853. CUNA MUTUAL INSURANCE SOCIETY v. TURNER.

CLARK, Judge.

In this action on a life insurance policy, a verdict was rendered in favor of the beneficiary for $4,000 plus statutory penalty and attorney fees for bad faith. Following entry of judgment upon the verdict, the insurer appealed.

The insurance policy was issued by the insurer to the Circle 10 Federal Credit Union in Doraville, Georgia. The policy insured the lives of credit union members for "an amount equal to the Member's insurable balance at the time of death . . . up to a maximum of $1,000.00. . . ." A rider attached to the policy raised the maximum insurable balance to $2,000. Another rider provided for double indemnity for accidental death.

At a pre-trial conference, the trial court formulated the issues remaining for trial via pre-trial order. One such issue was the "Amount of indebtedness by defendant to plaintiff, if any, under the terms of the certificate of insurance."

Upon the trial of the case, plaintiff demonstrated that the maximum insurable amount ($2,000) was deposited initially in the insured's credit union account on June 13, 1972; but plaintiff failed to introduce evidence regarding the insured's insurable balance at the time of his death on July 19, 1973, more than one year after the account was opened. At the close of the evidence, defendant insurer moved for a directed verdict on the ground that plaintiff had failed to prove the amount he was entitled to recover under the terms of the policy. This motion was denied by the trial court. Error is assigned upon this ruling.

In a suit upon a contract of insurance, the burden is upon the plaintiff to show the amount he is entitled to recover under the terms of the policy. *Reserve Life Ins. Co. v. Davis,* 224 Ga. 665, 667 (164 SE2d 132); *Atlantic Steel*

*Co. v. Hartford Fire Ins. Co.,* 39 Ga. App. 680 (148 SE 286). Plaintiff failed to meet this burden.

By the policy in the case sub judice the insurer contracted to pay the insured's beneficiary an amount equal to the insured's credit union account balance "at the time of death." No evidence was introduced by plaintiff establishing or tending to establish this amount. The funds initially deposited to the insured's account cannot be understood to establish the balance in that account more than one year later. In order to create a conclusion by circumstantial evidence, the evidence must be such that a reasonable mind would draw the conclusion from the circumstances proved. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408). A reasonable mind could not determine the balance in an account based solely upon the amount initially deposited to that account thirteen months prior to death.

Relying upon *Southern Life Ins. Co. v. Logan,* 9 Ga. App. 503 (71 SE 742), plaintiff argues that he was entitled to recover the maximum amount stipulated in the policy and that the burden was upon the insurer to diminish the recovery to the amount of the insurable balance at the time of death. In *Logan,* the court held that (1) the beneficiary of a mortuary assessment policy makes a prima facie case for the full amount of the policy without showing that the assessment would produce the maximum amount and (2) the burden is on the insurer to show that the assessment would not have produced the amount stipulated in the policy. This ruling was based upon "the theory that the insurance company, and not the insured or the beneficiary, is in possession of the facts essential to showing whether the amount named could be raised by the assessment, and whether the assessment had been made or not." P. 507. The *Logan* rationale is not apposite here because the insurable balance at the time of death was a fact peculiarly within the knowledge of the plaintiff. Accordingly, plaintiff had the burden of proving this fact. *Phillips v. Lindsey,* 31 Ga. App. 479, 483 (120 SE 923). This could also have been done through a subpoena duces tecum of the records of the account at the Circle 10 Federal Credit Union.

Since plaintiff failed to show the amount he was

entitled to recover under the terms of the policy, the trial court erred in denying the insurer's motion for a directed verdict.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MARCH 8, 1976 — DECIDED MARCH 19, 1976.

*Walton, Smith, Shaw, Maddox & Davidson, Walter J. Matthews,* for appellant.

*Howe & Sutton, Richard C. Sutton,* for appellee.