## 57907. SHIVERS CHIX v. GEORGIA FARM BUREAU INSURANCE COMPANY.

QUILLIAN, Presiding Judge.

The plaintiff sought to recover from the defendant insurance company under the terms of an insurance policy. The trial judge directed a verdict for the defendant and the plaintiff appealed. *Held:*

The principal grounds of dispute centered on whether there was insurance in effect at the time the plaintiff suffered a loss to its motor vehicle. The plaintiff had alleged a loss for which coverage was provided and the defendant denied such allegation. This placed the burden on the plaintiff to prove the existence and terms of

the insurance policy. 46 CJS 1031, Insurance, § 1643. As succinctly stated in *Reserve Life Ins. Co. v. Davis,* 224 Ga. 665, 667 (2) (164 SE2d 132), "The burden of proof was upon the plaintiff to prove that he had sustained a loss covered by the policy." See *Cuna Mutual Ins. Society v. Turner,* 138 Ga. App. 205 (225 SE2d 765).

The plaintiff here failed to introduce the policy or at the least the pertinent provisions of the policy on which it relied. Showing the basis on which its right to recovery was grounded was essential to establishing the plaintiff's cause of action. While under notice pleading one need allege no more than a claim to relief, once the trial begins, under the evidentiary process, the plaintiff must still establish the elements of the right to recover.

A case decided prior to the adoption of our Civil Practice Act, *N. C. &c. Ins. Co. v. Goldwire,* 220 Ga. 775, 776 (141 SE2d 902) is still sound in principle. There a complaint was held subject to general demurrer for failing to state a cause of action "since the allegations of the petition are wholly insufficient to show the provisions of the policy here sought to be declared on." See *Nationwide Ins. Co. v. Westbrook,* 112 Ga. App. 137 (144 SE2d 199). As pointed out in *National Ben Franklin Ins. Co. v. Prather,* 106 Ga. App. 311, 315 (126 SE2d 834) "that it is essential for all the terms of the contract involved in the dispute to be before the jury hardly needs saying." There, this court reversed the trial court's overruling the general grounds of the motion for new trial because "the plaintiff did not establish the material allegations of his cause of action, as he had the burden to do."

Here the parties apparently proceeded under the assumption that the sole issue was whether a policy was in effect at the time of the occurrence causing the loss. However, the defendant did not admit or concede that coverage was provided under the policy. Thus, the plaintiff could not assume anything, but had the burden of proving coverage under the terms of the policy. Since the policy or its pertinent provisions were not introduced into evidence, the plaintiff did not establish a prima facie case. Hence, regardless of the reasons given by the trial judge, he did not err in directing a verdict for the defendant.

*Judgment affirmed. Smith and Birdsong, JJ.,*

*concur.*

SUBMITTED MAY 10, 1979 — DECIDED JUNE 22, 1979.

*Telford, Stewart & Stephens, Charles W. Stephens,* for appellant.
*Robinson, Harben, Armstrong & Millikan, Frank W. Armstrong,* for appellee.