**ATLANTA GAS LIGHT COMPANY,**
Plaintiff,

v.

**AETNA CASUALTY & SURETY,**
et al., Defendants.

**Civ. A. No. 1:91–cv–1803–RLV.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 31, 1992.

Philip A. Bradley Long, Aldredge & Norman, Atlanta, GA, Edward P. Henneberry, Richard W. Fields, Gregg A. Hand, Howrey & Simon, Washington, DC, for plaintiff.

Martha McGhee Glisson, Henry D. Fellows, Jr., Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, GA, for defendants.

## ORDER

VINING, District Judge.

This is an action for declaratory judgment in which the plaintiff seeks a declaration as to its rights under various insurance policies. Pending before the court is Peerless Insurance Company's motion for summary judgment.

Although it appears that the plaintiff purchased insurance coverage pursuant to Policy No. 1–650, issued by Peerless, for the time period August 3, 1956, to August 3, 1962, neither the plaintiff nor Peerless has been able to locate a copy of that policy. Because of the parties' inability to locate a copy of this policy, Peerless has moved for summary judgment.

At the time that Peerless closed its New York office, from which the policy was apparently issued, the documents in that office were reviewed, and some were retained while others were discarded. It appears that some unknown person or persons prepared a list of the documents retained and that list contains an alphabetical reference "Atlanta Gas Light 1–654" and a numerical reference "1–654 Atlanta Gas Light Company 8/3/62 EXPIRED." There is no other reference to Atlanta Gas Light Company in Peerless's files. There is also evidence that the documents retained were shipped to Peerless's home office in Keene, New Hampshire. There is further evidence that any documents retained would have been subject to Peerless's document retention policy, which provided for the destruction of documents after seven years.

Despite over a year of discovery, the only documents which the plaintiff has been able to produce which relate to the lost Peerless policy are the pages referencing the policy in the list of documents retained (referred to above) and two pages of an accounting ledger sheet which shows Peerless, along with three other insurance companies, with various amounts listed next to their names. There are several notations with respect to the entries, including the notation "excess liability $5,000,000.00." The plaintiff has also produced policies of insurance issued by other carriers, but there is no evidence before the court that Peerless issued any "form" policy during the years at issue, nor is there any evidence that the policies issued by other companies are identical to the policies issued by Peerless during the relevant time period. Indeed, Peerless has presented affidavits showing that it did not have "standard forms" which were used during the relevant time period.

 Under Georgia law, the plaintiff has the burden of proving the existence and terms of the insurance policy upon which it sues. *Shivers Chix v. Georgia Farm Bureau Insurance Co.*, 150 Ga.App. 453, 258 S.E.2d 208 (1979) ("Showing the basis on which its right to recovery was grounded was essential to establishing the plaintiff's cause of action."). Although the plaintiff has come forward with various theories on which this court may speculate as to what might have been contained in the insurance policy issued by Peerless, Georgia law does not permit a cause of action to be founded upon such speculation. An insurance policy's "terms must be such that neither party can reasonably misunderstand them. It will be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated." *Williams v. Manchester Building Supply*, 213 Ga. 99, 101, 97 S.E.2d 129 (1957); *Parris & Son v. Campbell*, 128 Ga.App. 165, 196 S.E.2d 334 (1973).

*Georgia Farm Bureau Mutual Insurance Company v. Latimore*, 151 Ga.App. 786, 261 S.E.2d 735 (1979), cited by the plaintiff, is inapposite. In that case, the Court of Appeals held that the trial court erred in refusing to allow into evidence a "specimen" policy where it was uncontested that the only difference between the original policy and the specimen policy was the fact that the word "specimen" appeared on the specimen policy. In the instant case there is no evidence that the "standard form" policies of other insurance carriers was identical to the policy issued by Peerless. It would pure conjecture on the part of the court to find that those policies were identical to the policy issued by Peerless.

The plaintiff also points to the fact that when it switched from the insurance coverage afforded by Peerless and the other companies named on the ledger sheet (referred to as the "Peerless" group),

> [t]he Lloyd's bid of $35,000 as the three-year premium for renewal of the same coverage that had been afforded by the Peerless group undercut the domestic carriers in the Peerless group by $5,500....
>
> The terms and conditions of the Lloyd's renewal policies (which are also at issue in this case and which afford broad form excess general liability coverage) are evidence of the terms and conditions of the Peerless group coverage. Had the terms and conditions been materially different, the Peerless group insurers could not have engaged in the kind of head-to-head bidding with London that occurred here at the time of the 1962 renewal.
>
> Supplemental Memorandum of Plaintiff Atlanta Gas Light Company in Opposition to Motion for Summary Judgment of Defendant Peerless Insurance Company at 8–9.

Again, this is pure speculation on the part of the plaintiff. The fact that the Lloyd's of London bid was, apparently, close to the bid presented by the Peerless Group does not mean that the insurance policies were identical. Coverage could have been different, and exclusions could have been different. It is precisely because this court should not be left to guess what the coverages and exclusions were that Georgia law requires that the terms of an insurance policy, like all contracts, be ascertainable.

Because the plaintiff has been unable to produce a copy of the Peerless Insurance policy and has failed to present evidence that would allow this court to establish the specific terms and conditions of that policy, Peerless's motion for summary judgment is GRANTED.

SO ORDERED.